**<u>Exhibit A</u>**

**Blackline to Model Appointment Order**

688

~~Revised: January 21, 2014~~
~~s.243(1) BIA (National Receiver) and s. 101 CJA (Ontario) Receiver~~

~~Court File No.~~

Court File No. CL-26-00000182-0000

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | |
|---|---|
| THE HONOURABLE —MR. | ) |
| | ) ~~WEEKDAY~~FRIDAY, THE #15TH |
| JUSTICE —MYERS | ) |
| | ) DAY OF ~~MONTH~~MAY, ~~20YR~~2026 |

B E T W E E N:

**ROYAL BANK OF CANADA**

~~**PLAINTIFF**[1]~~
Applicant

~~Plaintiff~~

- and -

~~**DEFENDANT**~~
**LION FORCE TRANSPORT INC., 2696942 ONTARIO INC. and 2854233 ONTARIO INC.**

Respondents

~~Defendant~~

**APPLICATION UNDER SUBSECTION 243(1) OF THE *BANKRUPTCY AND INSOLVENCY ACT*, R.S.C. 1985, c. B-3, AS AMENDED AND SECTION 101 OF THE *COURTS OF JUSTICE ACT*, R.S.O. 1990, c. C.43, AS AMENDED**

---

[1] ~~The Model Order Subcommittee notes that a receivership proceeding may be commenced by action or by application. This model order is drafted on the basis that the receivership proceeding is commenced by way of an action.~~

~~DOCSTOR: 1771742\9~~

- 2 -

# ORDER
## (appointing Receiver)

THIS ~~MOTION~~**APPLICATION** made by the ~~Plaintiff²~~Applicant for an Order pursuant to section 243(1) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "**BIA**") and section 101 of the *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended (the "**CJA**"), appointing ~~[RECEIVER'S NAME]~~The Fuller Landau Group Inc. ("**Fuller**") as receiver ~~[and manager]~~ (in such ~~capacities~~capacity, the "**Receiver**") without security, ~~of~~over all of the assets, undertakings and properties of ~~[DEBTOR'S NAME] (the "Debtor"~~Lion Force Transport Inc. ("**Lion Force**"), 2696942 Ontario Inc. ("**269**") and 2854233 Ontario Inc. ("**285**" and, together with Lion Force and 269, the "**Debtors**") acquired for, or used in relation to ~~a~~ ~~business~~businesses carried on by the ~~Debtor~~Debtors and all proceeds thereof, including, without limitation, the real property municipally known as 27 Automatic Road, Brampton, Ontario and legally described in PIN 14209-0100 (LT) (the "**Real Property**"), was heard this day ~~at 330 University Avenue, Toronto, Ontario~~by videoconference.

ON READING the affidavit of ~~[NAME]~~Tro DerBedrossian sworn ~~[DATE]~~April 29, 2026, and the ~~Exhibits~~exhibits thereto, and on hearing the submissions of counsel for ~~[NAMES]~~the Applicant, no one else appearing for ~~[NAME]~~any other person on the service list, although duly served as appears from the affidavit of service ~~of [NAME] sworn [DATE]~~, as filed, and on reading the consent of ~~[RECEIVER'S NAME]~~Fuller to act as the Receiver,

**SERVICE**

1.      **THIS COURT ORDERS** that the time for service of the Notice of ~~Motion~~Application and the ~~Motion~~Application Record is hereby abridged and validated³, as necessary, so that this ~~motion~~application is properly returnable today and hereby dispenses with further service thereof.

---

² ~~Section 243(1) of the BIA provides that the Court may appoint a receiver "on application by a secured creditor".~~

³ ~~If service is effected in a manner other than as authorized by the Ontario *Rules of Civil Procedure*, an order validating irregular service is required pursuant to Rule 16.08 of the *Rules of Civil Procedure* and may be granted in appropriate circumstances.~~

## APPOINTMENT

2.      **THIS COURT ORDERS** that pursuant to section 243(1) of the BIA and section 101 of the CJA, [RECEIVER'S NAME]Fuller is hereby appointed Receiver, without security, of all of the assets, undertakings and properties of the DebtorDebtors acquired for, or used in relation to a businessbusinesses carried on by the Debtor, includingDebtors and all proceeds thereof (the ", including, without limitation, the Real Property" (collectively, the "**Property**").

## RECEIVER'SRECEIVER'S POWERS

3.      **THIS COURT ORDERS** that the Receiver is hereby empowered and authorized, but not obligated, to act at once in respect of the Property and, without in any way limiting the generality of the foregoing, the Receiver is hereby expressly empowered and authorized to do any of the following where the Receiver considers it necessary or desirable:

> (a)     to take possession of and exercise control over the Property and any and all proceeds, receipts and disbursements arising out of or from the Property;

> (b)     to receive, preserve, and protect the Property, or any part or parts thereof, including, but not limited to, the changing of locks and security codes, the relocating of Property to safeguard it, the engaging of independent security personnel, the taking of physical inventories and the placement of such insurance coverage as may be necessary or desirable;

> (c)     to manage, operate, and carry on the business of the DebtorDebtors, including the powers to enter into any agreements, incur any obligations in the ordinary course of business, cease to carry on all or any part of the business, or cease to perform any contracts of the DebtorDebtors;

> (d)     to engage consultants, appraisers, agents, experts, auditors, accountants, managers, counsel and such other persons from time to time and on whatever basis, including on a temporary basis, to assist with the exercise

DOCSTOR: 1771742\9

of the Receiver's powers and duties, including without limitation those conferred by this Order;

(e)     to purchase or lease such machinery, equipment, inventories, supplies, premises or other assets to continue the ~~business~~businesses of the ~~Debtor~~Debtors or any part or parts thereof;

(f)     to receive and collect all monies and accounts now owed or hereafter owing to the ~~Debtor~~Debtors and to exercise all remedies of the ~~Debtor~~Debtors in collecting such monies, including, without limitation, to enforce any security held by the ~~Debtor~~Debtors;

(g)     to settle, extend or compromise any indebtedness owing to the ~~Debtor~~Debtors;

(h)     to execute, assign, issue and endorse documents of whatever nature in respect of any of the Property, whether in the Receiver's name or in the name and on behalf of the ~~Debtor~~Debtors, for any purpose pursuant to this Order;

(i)     to initiate, prosecute and continue the prosecution of any and all proceedings and to defend all proceedings now pending or hereafter instituted with respect to the ~~Debtor~~Debtors, the Property or the Receiver, and to settle or compromise any such proceedings.[4] The authority hereby conveyed shall extend to such appeals or applications for judicial review in respect of any order or judgment pronounced in any such proceeding;

(j)     to market any or all of the Property, including advertising and soliciting offers in respect of the Property or any part or parts thereof and

---

[4] ~~This model order does not include specific authority permitting the Receiver to either file an assignment in bankruptcy on behalf of the Debtor, or to consent to the making of a bankruptcy order against the Debtor. A bankruptcy may have the effect of altering the priorities among creditors, and therefore the specific authority of the Court should be sought if the Receiver wishes to take one of these steps.~~

~~DOCSTOR: 1771742\9~~

negotiating such terms and conditions of sale as the Receiver in its discretion may deem appropriate;

(k)      to sell, convey, transfer, lease or assign the Property or any part or parts thereof out of the ordinary course of business,

(i)      without the approval of this Court in respect of any transaction not exceeding $————250,000, provided that the aggregate consideration for all such transactions does not exceed $————500,000; and

(ii)      with the approval of this Court in respect of any transaction in which the purchase price or the aggregate purchase price exceeds the applicable amount set out in the preceding clause;

and in each such case notice under subsection 63(4) of the Ontario *Personal Property Security Act*, [or section 31 of the Ontario *Mortgages Act*, as the case may be,]5 shall not be required, and in each case the Ontario *Bulk Sales Act* shall not apply.;

(l)      to apply for any vesting order or other orders necessary to convey the Property or any part or parts thereof to a purchaser or purchasers thereof, free and clear of any liens or encumbrances affecting such Property;

(m)      to report to, meet with and discuss with such affected Persons (as defined below) as the Receiver deems appropriate on all matters relating to the Property and the receivership, and to share information, subject to such terms as to confidentiality as the Receiver deems advisable;

5 If the Receiver will be dealing with assets in other provinces, consider adding references to applicable statutes in other provinces. If this is done, those statutes must be reviewed to ensure that the Receiver is exempt from or can be exempted from such notice periods, and further that the Ontario Court has the jurisdiction to grant such an exemption.

DOCSTOR: 1771742\9

(n)   to register a copy of this Order and any other Orders in respect of the Property against title to any of the Property;

(o)   to make an assignment into bankruptcy on behalf of any of the Debtors and for Fuller to act as trustee in bankruptcy for any of the Debtors;

(p)   (o) to apply for any permits, licences, approvals or permissions as may be required by any governmental authority and any renewals thereof for and on behalf of and, if thought desirable by the Receiver, in the name of the Debtor;

(q)   (p) to enter into agreements with any trustee in bankruptcy appointed in respect of the DebtorDebtors, including, without limiting the generality of the foregoing, the ability to enter into occupation agreements for any property owned or leased by the DebtorDebtors;

(r)   (q) to exercise any shareholder, partnership, joint venture or other rights which the DebtorDebtors may have; and

(s)   (r) to take any steps reasonably incidental to the exercise of these powers or the performance of any statutory obligations.;

and in each case where the Receiver takes any such actions or steps, it shall be exclusively authorized and empowered to do so, to the exclusion of all other Persons (as defined below), including the DebtorDebtors, and without interference from any other Person.

**DUTY TO PROVIDE ACCESS AND CO-OPERATION TO THE RECEIVER**

4.   **THIS COURT ORDERS** that (i) the DebtorDebtors, (ii) all of itstheir current and former directors, officers, employees, agents, accountants, legal counsel and shareholders, and all other persons acting on its instructions or behalf, and (iii) all other individuals, firms, corporations, governmental bodies or agencies, or other entities having notice of this Order (all of the foregoing, collectively, being "**Persons**" and each being a "**Person**") shall forthwith advise the Receiver of the existence of any Property in such Person's possession or control, shall grant

DOCSTOR: 1771742\9

immediate and continued access to the Property to the Receiver, and shall deliver all such Property to the Receiver upon the Receiver's request.

5. **THIS COURT ORDERS** that all Persons shall forthwith advise the Receiver of the existence of any books, documents, securities, contracts, leases, orders, corporate and accounting records, and any other papers, records and, information, and cloud-based data of any kind related to the business or affairs of the DebtorDebtors, and any computer programs, computer tapes, computer disks, cloud, or other data storage media containing any such information (the foregoing, collectively, the "**Records**") in that Person's possession or control, and shall provide to the Receiver or permit the Receiver to make, retain and take away copies thereof and grant to the Receiver unfettered access to and use of accounting, computer, software, cloud, and physical facilities relating thereto, provided however that nothing in this paragraph 5 or in paragraph 6 of this Order shall require the delivery of Records, or the granting of access to Records, which may not be disclosed or provided to the Receiver due to the privilege attaching to solicitor-client communication or due to statutory provisions prohibiting such disclosure.

6. **THIS COURT ORDERS** that if any Records are stored or otherwise contained on a computer, in a cloud, or other electronic system of information storage, whether by independent service provider or otherwise, all Persons in possession or control of such Records shall forthwith give unfettered access to the Receiver for the purpose of allowing the Receiver to recover and fully copy all of the information contained therein whether by way of printing the information onto paper or making copies of computer disks or such other manner of retrieving and copying the information as the Receiver in its discretion deems expedient, and shall not alter, erase or destroy any Records without the prior written consent of the Receiver.  Further, for the purposes of this paragraph, all Persons shall provide the Receiver with all such assistance in gaining immediate access to the information in the Records as the Receiver may in its discretion require including providing the Receiver with instructions on the use of any computer, cloud, or other system and providing the Receiver with any and all access codes, account names and, account numbers, and account-creating credentials that may be required to gain access to the information.

DOCSTOR: 1771742\9

7.      **THIS COURT ORDERS** that, upon receiving a request by the Receiver, the Ministry of Transportation, Service Ontario, and/or any other government department, ministry or agency responsible for vehicle registration in any other Province or Territory of Canada, are hereby directed to provide the Receiver with details relating to any transfer of ownership of any of the Property, including, without limitation, the identities of the parties to the transfer, the consideration paid and any other details reasonably incidental thereto.

8.      7. **THIS COURT ORDERS** that the Receiver shall provide each of the relevant landlords with notice of the Receiver's~~Receiver's~~ intention to remove any fixtures from any leased premises at least seven (7) days prior to the date of the intended removal.  The relevant landlord shall be entitled to have a representative present in the leased premises to observe such removal and, if the landlord disputes the ~~Receiver's~~Receiver's entitlement to remove any such fixture under the provisions of the lease, such fixture shall remain on the premises and shall be dealt with as agreed between any applicable secured creditors, such landlord and the Receiver, or by further Order of this Court upon application by the Receiver on at least two (2) days notice to such landlord and any such secured creditors.

**NO PROCEEDINGS AGAINST THE RECEIVER**

9.      8. **THIS COURT ORDERS** that no proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**"), shall be commenced or continued against the Receiver except with the written consent of the Receiver or with leave of this Court.

**NO PROCEEDINGS AGAINST THE ~~DEBTOR~~DEBTORS OR THE PROPERTY**

10.     9. **THIS COURT ORDERS** that no Proceeding against or in respect of the ~~Debtor~~Debtors or the Property shall be commenced or continued except with the written consent of the Receiver or with leave of this Court and any and all Proceedings currently under way against or in respect of the ~~Debtor~~Debtors or the Property are hereby stayed and suspended pending further Order of this Court.

~~DOCSTOR: 1771742\9~~

**NO EXERCISE OF RIGHTS OR REMEDIES**

11.    ~~10.~~ **THIS COURT ORDERS** that all rights and remedies against the ~~Debtor~~Debtors, the Receiver, or affecting the Property, are hereby stayed and suspended except with the written consent of the Receiver or leave of this Court, provided however that this stay and suspension does not apply in respect of any "eligible financial contract" as defined in the BIA, and further provided that nothing in this paragraph shall (i) empower the Receiver or the ~~Debtor~~Debtors to carry on any business which the ~~Debtor is~~Debtors are not lawfully entitled to carry on, (ii) exempt the Receiver or the ~~Debtor~~Debtors from compliance with statutory or regulatory provisions relating to health, safety or the environment, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

**NO INTERFERENCE WITH THE RECEIVER**

12.    ~~11.~~ **THIS COURT ORDERS** that no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the ~~Debtor~~Debtors, without written consent of the Receiver or leave of this Court.

**CONTINUATION OF SERVICES**

13.    ~~12.~~ **THIS COURT ORDERS** that all Persons having oral or written agreements with the ~~Debtor~~Debtors or statutory or regulatory mandates for the supply of goods and/or services, including without limitation, all computer software, communication and other data services, accounting services, GPS and/or geographic tracking services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the ~~Debtor~~Debtors are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Receiver, and that the Receiver shall be entitled to the continued use of the ~~Debtor's~~Debtors' current telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Receiver in accordance with normal payment practices of the ~~Debtor~~Debtors or

697

such other practices as may be agreed upon by the supplier or service provider and the Receiver, or as may be ordered by this Court.

**RECEIVER TO HOLD FUNDS**

14.   ~~13.~~ **THIS COURT ORDERS** that all funds, monies, cheques, instruments, and other forms of payments received or collected by the Receiver from and after the making of this Order from any source whatsoever, including without limitation the sale of all or any of the Property and the collection of any accounts receivable in whole or in part, whether in existence on the date of this Order or hereafter coming into existence, shall be deposited into one or more new accounts to be opened by the Receiver (the "**Post Receivership Accounts**") and the monies standing to the credit of such Post Receivership Accounts from time to time, net of any disbursements provided for herein, shall be held by the Receiver to be paid in accordance with the terms of this Order or any further Order of this Court.

**EMPLOYEES**

15.   ~~14.~~ **THIS COURT ORDERS** that all employees of the ~~Debtor~~Debtors shall remain the employees of the ~~Debtor~~Debtors until such time as the Receiver, on the ~~Debtor's~~Debtors' behalf, may terminate the employment of such employees.  The Receiver shall not be liable for any employee-related liabilities, including any successor employer liabilities as provided for in section 14.06(1.2) of the BIA, other than such amounts as the Receiver may specifically agree in writing to pay, or in respect of its obligations under sections 81.4(5) or 81.6(3) of the BIA or under the *Wage Earner Protection Program Act*.

**PIPEDA**

16.   ~~15.~~ **THIS COURT ORDERS** that, pursuant to clause 7(3)(c) of the Canada *Personal Information Protection and Electronic Documents Act*, the Receiver shall disclose personal information of identifiable individuals to prospective purchasers or bidders for the Property and to their advisors, but only to the extent desirable or required to negotiate and attempt to complete one or more sales of the Property (each, a "**Sale**").  Each prospective purchaser or bidder to whom such personal information is disclosed shall maintain and protect the privacy of such information and limit the use of such information to its evaluation of the Sale, and if it does not

complete a Sale, shall return all such information to the Receiver, or in the alternative destroy all such information.  The purchaser of any Property shall be entitled to continue to use the personal information provided to it, and related to the Property purchased, in a manner which is in all material respects identical to the prior use of such information by the ~~Debtor~~Debtors, and shall return all other personal information to the Receiver, or ensure that all other personal information is destroyed.

**LIMITATION ON ENVIRONMENTAL LIABILITIES**

17.      ~~16.~~ **THIS COURT ORDERS** that nothing herein contained shall require the Receiver to occupy or to take control, care, charge, possession or management (separately and/or collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the Ontario *Environmental Protection Act*, the *Ontario Water Resources Act*, or the Ontario *Occupational Health and Safety Act* and regulations thereunder (the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Receiver from any duty to report or make disclosure imposed by applicable Environmental Legislation.  The Receiver shall not, as a result of this Order or anything done in pursuance of the Receiver's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

**LIMITATION ON THE ~~RECEIVER'S~~RECEIVER'S LIABILITY**

18.      ~~17.~~ **THIS COURT ORDERS** that the Receiver shall incur no liability or obligation as a result of its appointment or the carrying out of the provisions of this Order, save and except for any gross negligence or wilful misconduct on its part, or in respect of its obligations under sections 81.4(5) or 81.6(3) of the BIA or under the *Wage Earner Protection Program Act*.

Nothing in this Order shall derogate from the protections afforded the Receiver by section 14.06 of the BIA or by any other applicable legislation.

**RECEIVER'S ACCOUNTS**

19.    18. **THIS COURT ORDERS** that the Receiver and counsel to the Receiver shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges unless otherwise ordered by the Court on the passing of accounts, and that the Receiver and counsel to the Receiver shall be entitled to and are hereby granted a charge (the "**Receiver's Charge**") on the Property, as security for such fees and disbursements, both before and after the making of this Order in respect of these proceedings, and that the Receiver's Charge shall form a first charge on the Property in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any Person, but subject to sections 14.06(7), 81.4(4), and 81.6(2) of the BIA.[6]

20.    19. **THIS COURT ORDERS** that the Receiver and its legal counsel shall pass its accounts from time to time, and for this purpose the accounts of the Receiver and its legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

21.    20. **THIS COURT ORDERS** that prior to the passing of its accounts, the Receiver shall be at liberty from time to time to apply reasonable amounts, out of the monies in its hands, against its fees and disbursements, including legal fees and disbursements, incurred at the standard rates and charges of the Receiver or its counsel, and such amounts shall constitute advances against its remuneration and disbursements when and as approved by this Court.

**FUNDING OF THE RECEIVERSHIP**

22.    21. **THIS COURT ORDERS** that the Receiver be at liberty and it is hereby empowered to borrow by way of a revolving credit or otherwise, such monies from time to time as it may

[6] Note that subsection 243(6) of the BIA provides that the Court may not make such an order "unless it is satisfied that the secured creditors who would be materially affected by the order were given reasonable notice and an opportunity to make representations".

DOCSTOR: 1771742\9

consider necessary or desirable, provided that the outstanding principal amount does not exceed $————1,000,000 (or such greater amount as this Court may by further Order authorize) at any time, at such rate or rates of interest as it deems advisable for such period or periods of time as it may arrange, for the purpose of funding the exercise of the powers and duties conferred upon the Receiver by this Order, including interim expenditures.  The whole of the Property shall be and is hereby charged by way of a fixed and specific charge (the "**Receiver's Borrowings Charge**") as security for the payment of the monies borrowed, together with interest and charges thereon, in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any Person, but subordinate in priority to the ~~Receiver's~~Receiver's Charge and the charges as set out in sections 14.06(7), 81.4(4), and 81.6(2) of the BIA.

23.   ~~22.~~ **THIS COURT ORDERS** that neither the Receiver's Borrowings Charge nor any other security granted by the Receiver in connection with its borrowings under this Order shall be enforced without leave of this Court.

24.   ~~23.~~ **THIS COURT ORDERS** that the Receiver is at liberty and authorized to issue certificates substantially in the form annexed as Schedule "A" hereto (the "~~Receiver's~~**Receiver's Certificates**") for any amount borrowed by it pursuant to this Order.

25.   ~~24.~~ **THIS COURT ORDERS** that the monies from time to time borrowed by the Receiver pursuant to this Order or any further order of this Court and any and all ~~Receiver's~~Receiver's Certificates evidencing the same or any part thereof shall rank on a *pari passu* basis, unless otherwise agreed to by the holders of any prior issued Receiver's Certificates.

**SERVICE AND NOTICE**

26.   ~~25.~~ **THIS COURT ORDERS** that the E-Service Protocol of the Commercial List (the "**Protocol**") is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Protocol (which can be found on the Commercial List website                                                                                                          at ~~http://www.ontariocourts.ca/scj/practice/practice-directions/toronto/e-service-protocol/~~https://www.ontariocourts.ca/scj/practice/regional-practice-directions/eservice-commercial/) shall be valid and effective service.  Subject to Rule 17.05 of the *Rules of Civil Procedure* (the "**Rules**"),

~~DOCSTOR: 1771742\9~~

this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the Rules of Civil Procedure. Subject to Rule 3.01(d) of the Rules of Civil Procedure and paragraph 21 of the Protocol, service of documents in accordance with the Protocol will be effective on transmission. This Court further orders that a Case Website shall be established in accordance with the Protocol with the following URL '<@>': https://fullerllp.com/active_engagements/Lion-Force-Transport-Inc./.

27.   26. **THIS COURT ORDERS** that if the service or distribution of documents in accordance with the Protocol is not practicable, the Receiver is at liberty to serve or distribute this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal delivery or facsimile transmission to the Debtor'sDebtors' creditors or other interested parties at their respective addresses as last shown on the records of the DebtorDebtors and that any such service or distribution by courier, personal delivery or facsimile transmission shall be deemed to be received on the next business day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

28.   **THIS COURT ORDERS** that the Applicant, the Receiver and their respective counsel are at liberty to serve or distribute this Order, any other materials and orders as may be reasonably required in these proceedings, including any notices, or other correspondence, by forwarding true copies thereof by electronic message to the Debtors' creditors or other interested parties and their advisors. For greater certainty, any such distribution or service shall be deemed to be in satisfaction of a legal or juridical obligation, and notice requirements within the meaning of clause 3(c) of the Electronic Commerce Protection Regulations, Reg. 81000-2-175 (SOR/DORS).

**GENERAL**

29.   27. **THIS COURT ORDERS** that the Receiver may from time to time apply to this Court for advice and directions in the discharge of its powers and duties hereunder.

30.   28. **THIS COURT ORDERS** that nothing in this Order shall prevent the Receiver from acting as a trustee in bankruptcy of the DebtorDebtors.

31.   29.  **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order.  All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Receiver and its agents in carrying out the terms of this Order.

32.   30.  **THIS COURT ORDERS** that the Receiver be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and that the Receiver is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada, including acting as a foreign representative of the Debtors to apply to the United States Bankruptcy Court for relief pursuant to Chapter 15 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1530, as amended.

33.   31.  **THIS COURT ORDERS** that the ~~Plaintiff~~Applicant shall have its costs of this ~~motion~~application, up to and including entry and service of this Order, provided for by the terms of the ~~Plaintiff's~~Applicant's security or, if not so provided by the ~~Plaintiff's~~Applicant's security, then on a substantial indemnity basis to be paid by the Receiver from the ~~Debtor's~~Debtors' estate with such priority and at such time as this Court may determine.

34.   32.  **THIS COURT ORDERS** that any interested party may apply to this Court to vary or amend this Order on not less than seven (7) days' notice to the Receiver and to any other party likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

35.   **THIS COURT ORDERS** that this Order is effective from the date it is made and is enforceable without any need for entry or filing.

DOCSTOR: 1771742\9

703

**SCHEDULE "A"**

**RECEIVER CERTIFICATE**

CERTIFICATE NO. _____

AMOUNT $_____

1.      THIS IS TO CERTIFY that [RECEIVER'S NAME]The Fuller Landau Group Inc., the receiver (the "**Receiver**") of all of the assets, undertakings and properties [DEBTOR'S NAME]of the Debtors acquired for, or used in relation to a businessbusinesses carried on by the Debtor, includingDebtors and all proceeds thereof, including, without limitation, the Real Property (collectively, the "**Property**") appointed by Order of the Ontario Superior Court of Justice (Commercial List) (the "**Court**") dated the ——15ᵗʰ day of ———May, 20—2026 (the "**Order**") made in an actionapplication having Court file number ——CL-————26-00000182-0000, has received as such Receiver from the holder of this certificate (the "**Lender**") the principal sum of $_____, being part of the total principal sum of $_____ which the Receiver is authorized to borrow under and pursuant to the Order.

2.      The principal sum evidenced by this certificate is payable on demand by the Lender with interest thereon calculated and compounded [daily][monthly not in advance on the _____ day of each month] after the date hereof at a notional rate per annum equal to the rate of _____ per cent above the prime commercial lending rate of Bank of _____ from time to time.

3.      Such principal sum with interest thereon is, by the terms of the Order, together with the principal sums and interest thereon of all other certificates issued by the Receiver pursuant to the Order or to any further order of the Court, a charge upon the whole of the Property, in priority to the security interests of any other person, but subject to the priority of the charges set out in the Order and in the *Bankruptcy and Insolvency Act*, and the right of the Receiver to indemnify itself out of such Property in respect of its remuneration and expenses.

4.      All sums payable in respect of principal and interest under this certificate are payable at the main office of the Lender at Toronto, Ontario.

704

5.      Until all liability in respect of this certificate has been terminated, no certificates creating charges ranking or purporting to rank in priority to this certificate shall be issued by the Receiver to any person other than the holder of this certificate without the prior written consent of the holder of this certificate.

6.      The charge securing this certificate shall operate so as to permit the Receiver to deal with the Property as authorized by the Order and as authorized by any further or other order of the Court.

7.      The Receiver does not undertake, and it is not under any personal liability, to pay any sum in respect of which it may issue certificates under the terms of the Order.

DATED the _____ day of _____, 20__.

[RECEIVER'S NAME]The Fuller Landau Group Inc., solely in its capacity as Receiver of the Property, and not in its personal capacity


Per:      _____
          Name:
          Title:

[Difference in media client parties option changed from official original or option modified.]

| ROYAL BANK OF CANADA | - and - | LION FORCE TRANSPORT INC. et al. |
|---|---|---|
| Applicant | | Respondents |

Court File No.   CL-26-00000182-0000

*ONTARIO*
**SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)**

**Proceedings commenced at Toronto**

**ORDER
(appointing Receiver)**

**AIRD & BERLIS LLP**
Brookfield Place
181 Bay Street, Suite 1800
Toronto, ON  M5J 2T9

**Steven Graff (LSO #61044N)**
Tel:   (416) 865-7726
Email:  sgraff@airdberlis.com

**Samantha Hans (LSO #84737H)**
Tel:   (437) 880-6105
Email:  shans@airdberlis.com

**Cristian Delfino (LSO #87202N)**
Tel:   (416) 865-7748
Email:  cdelfino@airdberlis.com

*Lawyers for Royal Bank of Canada*

67738595.4

*[Different first page link-to-previous setting changed from off in original to on in modified.].*
~~DOCSTOR: 1771174229~~v8-Model_Receivership_Order_(T__Reyes).doc