**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | |
| LION FORCE TRANSPORT INC., | Chapter 15 |
| Debtor in a Foreign Proceeding | Case No.  26-90717 (ARP) |
| In re: | |
| 2696942 ONTARIO INC., | Chapter 15 |
| Debtor in a Foreign Proceeding | Case No. 26-90718 (ARP) |
| In re: | |
| 2854233 ONTARIO INC., | Chapter 15 |
| Debtor in a Foreign Proceeding | Case No. 26-90719 (ARP) |

**<u>EMERGENCY</u> MOTION OF FOREIGN REPRESENTATIVE FOR ENTRY OF ORDER**
**AUTHORIZING JOINT ADMINISTRATION OF DEBTORS' CHAPTER 15 CASES**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 2:00 P.M. (PREVAILING CENTRAL TIME) ON  JULY 28, 2026.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Fuller Landau Group Inc. ("<u>Fuller</u>"), the court-appointed Receiver (in such capacity, the "<u>Receiver</u>") and authorized foreign representative (in such capacity, the "<u>Foreign Representative</u>") of the above-captioned debtors (collectively, the "<u>Lion Force Group</u>" or the "<u>Debtors</u>"), which are the subjects of a receivership proceeding (the "<u>Canadian Receivership</u>"), pursuant to section 243(1) of the Bankruptcy and Insolvency Act, R.S.C. 1985, c. B-3, as amended

(the "BIA") and section 101 of the Courts of Justice Act, R.S.O. 1990, c. C.43, as amended (the "CJA"), pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), has commenced the above-captioned chapter 15 cases (these "Chapter 15 Cases") ancillary to the Foreign Proceedings and respectfully submits this motion (this "Motion") for entry of an order granting the relief described below. In support of this Motion, the Foreign Representative respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the Southern District of Texas, dated May 24, 2012. Recognition of a foreign proceeding and other matters under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") are core matters under 28 U.S.C. § 157(b)(2)(P).

2.      These Chapter 15 Cases have been properly commenced with respect to each of the Debtors in accordance with sections 1504 and 1509(a) of the Bankruptcy Code by the filing of the Verified Petition.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1410(3) as (i) Lion Force Transport Inc. owns approximately 70 trailers located in Texas; and (ii) each of the Debtors has property in the United States in the form of a legal retainer held in the Dallas, Texas client IOLTA account of Ashurst Perkins Coie US LLP at Wells Fargo Bank.[1]  The Foreign Representative, solely in its capacity as such, consents to the entry of final orders or judgments by the Court if it

---

[1]      For purposes of section 109(a) of the Bankruptcy Code, "property in the United States" has been held to include an attorney retainer in a U.S. bank account. *See In re Cell C Proprietary Ltd.*, 571 B.R. 542, 552 (Bankr. S.D.N.Y. 2017); *In re Berau Capital Resources Pte Ltd*, 540 B.R. 80, 82 (Bankr. S.D.N.Y. 2015); *In re Octaviar Administration Pty Ltd.*, 511 B.R. 361, 372 (Bankr. S.D.N.Y. 2014); *see also In re Siu-Fung Ceramics Holdings Ltd.*, No. 24-33299, 2026 WL 382424 at *19 (Bankr. S. D. Tex. Feb. 10, 2026) (citing Second Circuit authority).

is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      The statutory bases for relief are Sections 105(a) of the Bankruptcy Code, rules 1015(b) and 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 1075-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## RELIEF REQUESTED

5.      Pursuant to Rules 1015(a) and 1015(b) of the Bankruptcy Rules, the Foreign Representative seeks entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), directing (a) the joint administration of these Chapter 15 Cases for procedural purposes only, and (b) parties in interest to use a consolidated caption to indicate that any pleading filed relates to the jointly administered Chapter 15 Cases.

6.      The Foreign Representative further requests that the caption of these Chapter 15 Cases be modified to reflect their joint administration. A proposed consolidated caption (the "Proposed Caption") for all notices, applications, motions, and other pleadings is as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>LION FORCE TRANSPORT INC., et al.,[1]<br><br>    Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No.  26-90717 (ARP)<br><br>(Jointly Administered) |

[1]      The chapter 15 debtors in these chapter 15 cases (the "Debtors"), along with the last four digits of the Debtors' Canadian business number, are as follows: Lion Force Transport Inc. (4050); 2696942 Ontario Inc. (6942); 2854233 Ontario Inc. (4233).  The Debtors' executive

headquarters are located at 27 Automatic Road, Brampton Ontario, L6S 5N8.

7. The Foreign Representative requests the Court maintain one file and one docket for all of the Debtors' Chapter 15 Cases under the case number assigned to the Chapter 15 Case for the foreign main proceeding of Lion Force Transport Inc. and that these Chapter 15 Cases be administered under the Proposed Caption.

8. In addition, the Foreign Representative requests that the Court authorize and direct that a notation substantially similar to the following be entered on the Chapter 15 Case dockets for each of the Debtors other than Lion Force to evidence the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of Lion Force Transport Inc., 2696942 Ontario Inc., and 2854233 Ontario Inc. The docket in the chapter 15 case of Lion Force Transport Inc., Case No. 26-90717 (ARP) should be consulted for all matters affecting this case.

9. Further, the Foreign Representative requests that the Court authorize the Foreign Representative to use a combined service list for the jointly administered cases and that combined notices be sent to the Debtors' creditors and other parties in interest, as applicable.

10. In support of this Motion, the Foreign Representative refers the Court to the statements contained in (a) the *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(A)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Foreign Representative Declaration"), (b) the *Declaration of Roger Jaipargas in Support of Verified Petition of Foreign Representative for (I) Recognition of Canadian Proceeding as Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Foreign Attorney Declaration"), and (c) the *Verified Petition of*

*Foreign Representative for (I) Recognition of Canadian Proceeding as Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "<u>Verified Petition</u>") and the exhibits to each, each of which has been filed contemporaneously herewith and is incorporated herein by reference.[2]

## BACKGROUND

11.     The relevant factual background with respect to the relief sought in this Motion is set forth in the Foreign Representative Declaration. On the date hereof, the Foreign Representative filed the Chapter 15 Petitions for relief under chapter 15 of the Bankruptcy Code for each Debtor. A description of the Debtors' businesses, corporate and capital structure, and the events leading up to the commencement of the Foreign Proceedings, these Chapter 15 Cases, and the receivership proceedings pending before the Canadian Court is included in the Foreign Representative Declaration.

## BASIS FOR RELIEF

12.     Bankruptcy Rule 1015(b) provides, in relevant part, that "[t]he court may order joint administration of the estates … if … two or more petitions are pending in the same court by or against . . . a debtor and an affiliate." Fed. R. Bankr. P. 1015(b). As the Verified Petition makes clear, the Debtors are "affiliates" as that term is defined in the Bankruptcy Code (*see* 11 U.S.C. §101(2)) and petitions for each of the Debtors have been filed with this Court. Accordingly, "two or more petitions are pending" in this Court, within the meaning of such phrase as used in Bankruptcy Rule 1015(b).

13.     Joint administration will allow for the efficient and convenient administration of the Debtors' interrelated Chapter 15 Cases, will yield significant cost savings, and will not

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Verified Petition.

prejudice the rights of any party in interest.

14. Because joint administration of these cases will remove the need to prepare, replicate, file, and serve duplicative notices, pleadings, and orders, the Debtors will save substantial time and expense. Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative dockets, pleadings, and papers. Such duplication of substantially identical documents would be wasteful and would unnecessarily burden the Clerk of the Court (the "Clerk"). The United States Trustee for the Southern District of Texas (the "U.S. Trustee") and other parties in interest will similarly benefit from joint administration of these Chapter 15 Cases by sparing them the time and effort of reviewing duplicative dockets, pleadings, and other filings.

15. Joint administration will permit the Clerk to use a single docket for all of the Debtors' cases and to combine notices to creditors and other parties in interest. Joint administration also will protect parties in interest in these cases by ensuring that they will be apprised of the various matters before the Court in all cases. In this regard, the Foreign Representative further requests that the Proposed Caption set forth above be approved as the modified caption for these Chapter 15 Cases.

16. Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the cases. This Motion does not seek substantive consolidation. Accordingly, each creditor and party in interest will maintain whatever rights it has against the particular Debtor against which it allegedly has a claim or right. Intercompany claims will not be affected, and the Debtors will continue to maintain separate records of assets and liabilities.

17. The request for joint administration of interrelated Chapter 15 Cases is routinely

granted.  *See, e.g., South Rock Capital Ltda.*, No. 24-90398 (Bankr. S.D. Tex. June 13, 2024) Dkt. No. 14; *In re Biosteel Sports Nutrition Inc.,* No. 23-90777 (Bankr. S.D. Tex. Nov.17, 2023) Dkt. No. 57; *In re Cimolai S.p.A and Luigi Cimolai Holding S.p.A*, No. 23-90109 (Bankr. S.D. Tex. Mar. 10, 2023) Dkt. No. 14; *In re Just Energy Group Inc.*, No. 21-30823 (Bankr. S.D. Tex. March 9, 2021) Dkt. No. 26.[3]

18.     The Foreign Representative submits that the joint administration of these Chapter 15 Cases is in the best interests of the Debtors, their creditors and all other interested parties, and that no conflict of interest will arise as a result of joint administration. Requiring separate administration of these Chapter 15 Cases would subject the Debtors (who would be forced to file documents on multiple dockets) and creditors (who would be forced to monitor multiple dockets) to a substantial administrative burden. For all of the foregoing reasons, the Foreign Representative respectfully requests the immediate entry of an order providing for the joint administration of these Chapter 15 Cases.

**BASIS FOR EMERGENCY RELIEF**

19.     Pursuant to Bankruptcy Local Rule 9013-1, the Foreign Representative requests emergency consideration of this Motion. Section 1517(a) and (c) of the Bankruptcy Code contemplates that a "petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time" following a 21-day notice period, as set forth in Bankruptcy Rule 2002(q). The relief requested in this Motion will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines.

**NOTICE**

20.     The Foreign Representative will give notice of this Motion to the following parties,

---

[3]     Due to the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon the request of the Foreign Representative's counsel.

or their counsel, if known: (a) the Debtors; (b) the U.S. Trustee; (c) the Notice Parties (as defined in the Scheduling Motion filed contemporaneously herewith); and (d) any other parties entitled to notice pursuant to Bankruptcy Rule 2002(q). In light of the nature of the relief requested, the Foreign Representative submits that no further notice is required.

## NO PRIOR REQUEST

21. No previous request for the relief sought herein has been made to this or any other court in the United States.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that this Court enter the Order substantially in the form annexed hereto as **Exhibit A** granting the relief requested herein and such other and further relief as may be just and proper.

Dated: July 21, 2026

Respectfully submitted,

/s/ *John R. Hardin*

John R. Hardin (TX Bar No. 24012784)
john.hardin@ashurstperkins.com
ASHURST PERKINS COIE US LLP
2699 Howell Street, Suite 700
Dallas, Texas 75204
Telephone: (214) 965-7700

Tina N. Moss, (pro hac vice pending)
tina.moss@ashurstperkins.com
Karli K. Wade, (pro hac vice pending)
karli.wade@ashurstperkins.com
ASHURST PERKINS COIE US LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Telephone: (212) 262-6900

*Attorneys for The Fuller Landau Group Inc.,*
*as Court-Appointed Receiver and Foreign*
*Representative for Debtors*

## CERTIFICATE OF SERVICE

I certify that on July 21, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/John R. Hardin*
John R. Hardin