**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re:<br><br>LION FORCE TRANSPORT INC., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No.: 26-90717 (ARP)<br><br>(Joint Administration Pending) |

**EMERGENCY MOTION FOR ENTRY OF ORDER**
**(I) SCHEDULING RECOGNITION HEARING, (II) SPECIFYING FORM AND**
**MANNER OF SERVICE OF NOTICE, AND (III) GRANTING RELATED RELIEF**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 2:00 P.M. (PREVAILING CENTRAL TIME) ON JULY 28, 2026.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Fuller Landau Group Inc. ("Fuller"), the court-appointed Receiver (in such capacity, the "Receiver") and authorized foreign representative (in such capacity, the "Foreign Representative") of the above-captioned debtors (collectively, the "Lion Force Group" or the "Debtors"), which are the subjects of a receivership proceeding (the "Canadian Receivership"), pursuant to section 243(1) of the Bankruptcy and Insolvency Act, R.S.C. 1985, c. B-3, as amended (the "BIA") and section 101 of the Courts of Justice Act, R.S.O. 1990, c. C.43, as amended (the "CJA"), pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian

---

[1] The chapter 15 debtors in these chapter 15 cases (the "Debtors"), along with the last four digits of the Debtors' Canadian business number, are as follows: Lion Force Transport Inc. (4050); 2696942 Ontario Inc. (6942); 2854233 Ontario Inc. (4233). The Debtors' executive headquarters are located at 27 Automatic Road, Brampton Ontario, L6S 5N8.

Court"), has commenced the above-captioned chapter 15 cases (these "Chapter 15 Cases") ancillary to the Foreign Proceedings and respectfully submits this motion (this "Scheduling Motion") for entry of an order granting the relief described below. In support of this Scheduling Motion, the Foreign Representative respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the Southern District of Texas, dated May 24, 2012. Recognition of a foreign proceeding and other matters under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") are core matters under 28 U.S.C. § 157(b)(2)(P).

2.      These Chapter 15 Cases have been properly commenced with respect to each of the Debtors in accordance with sections 1504 and 1509(a) of the Bankruptcy Code by the filing of the Verified Petition.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1410(3) as (i) Lion Force Transport Inc. owns approximately 70 trailers located in Texas; and (ii) each of the Debtors has property in the United States in the form of a legal retainer held in the Dallas, Texas client IOLTA account of Ashurst Perkins Coie US LLP at Wells Fargo Bank.[2]  The Foreign Representative, solely in his capacity as such, consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[2]    For purposes of section 109(a) of the Bankruptcy Code, "property in the United States" has been held to include an attorney retainer in a U.S. bank account. *See In re Cell C Proprietary Ltd.*, 571 B.R. 542, 552 (Bankr. S.D.N.Y. 2017); *In re Berau Capital Resources Pte Ltd*, 540 B.R. 80, 82 (Bankr. S.D.N.Y. 2015); *In re Octaviar Administration Pty Ltd.*, 511 B.R. 361, 372 (Bankr. S.D.N.Y. 2014); *see also In re Siu-Fung Ceramics Holdings Ltd.*, No. 24-33299, 2026 WL 382424 at *19 (Bankr. S. D. Tex. Feb. 10, 2026) (citing Second Circuit authority).

4. The Foreign Representative has properly commenced these Chapter 15 Cases in accordance with sections 1504 and 1515 of the Bankruptcy Code by the filing of a petition for recognition of the Foreign Proceedings under Section 1515 of the Bankruptcy Code.

5. The statutory basis for the relief requested herein are Rules 1012, 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1001-1(c), 2002-1, and 9013-1(i) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**RELIEF REQUESTED**

6. The Foreign Representative seeks entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"): (a) setting a hearing (the "Recognition Hearing") on the relief sought in the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Verified Petition") filed contemporaneously herewith, during the week of August 24, 2026, or as soon thereafter as the Court's calendar permits (the "Recognition Hearing Date") (b) setting 4:00 pm (prevailing Central Time) on the date that is seven (7) days prior to the Recognition Hearing as the deadline by which any responses or objections to the Verified Petition must be received (the "Objection Deadline"); (c) setting 4:00 p.m. (prevailing Central Time) on the date that is three (3) days prior to the Recognition Hearing as the deadline by which any responses to any Objections must be received (the "Reply Deadline"); (d) approving the form of notice of the Recognition Hearing (the "Notice"), substantially in the form attached as Exhibit 1 to the Proposed Order and filed contemporaneously herewith; (e) approving the manner of service of the Notice as described herein, (f) authorizing the Foreign Representative to redact certain personal identifying information for individuals, and (g) granting related relief.

7. In support of this Scheduling Motion, the Foreign Representative refers the Court

to the statements contained in (a) the *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(A)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Foreign Representative Declaration"), (b) the *Declaration of Roger Jaipargas in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Foreign Counsel Declaration"), and (c) the Verified Petition and the exhibits to each, each of which has been filed contemporaneously herewith and is incorporated herein by reference.

## BACKGROUND

8.      The relevant factual background with respect to the relief sought in this Scheduling Motion is set forth in the Foreign Representative Declaration. On the date hereof, the Foreign Representative filed the Verified Petition for relief under chapter 15 of the Bankruptcy Code for each Debtor. A description of the Debtors' businesses, corporate and capital structure, and the events leading up to the commencement of the Foreign Proceedings, these Chapter 15 Cases, and the receivership proceedings pending in the Canadian Court is included in the Foreign Representative Declaration.

## BASIS FOR RELIEF REQUESTED

**I.      The Proposed Notice Procedures and Hearing Date Are Adequate and Comply with the Bankruptcy Rules**

9.      Bankruptcy Rule 2002(q) provides that the debtor, all person or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code, and all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition must be given

4

at least 21 days' notice by mail of a hearing to consider the petition for recognition of a foreign proceeding. Fed. R. Bankr. P. 2002(q)(1). Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the Court shall designate the form and manner in which such notice shall be given (unless otherwise specified in the Bankruptcy Rules). Fed. R. Bankr. P. 2002(m), 9007.

10. By this Scheduling Motion, the Foreign Representative proposes to serve, or cause to be served, the Verified Petition, Notice, and other relevant chapter 15 pleadings and notices (collectively, the "Notice Documents") by electronic mail, to the extent email addresses are available, and otherwise by overnight mail or United States mail, first-class postage prepaid, upon: (a) the Debtors; (b) the United States Trustee for the Southern District of Texas (the "U.S. Trustee"); (c) counsel to the Debtors' secured lenders; (d) all parties against whom provisional relief is being sought under section 1519 of the Bankruptcy Code, including all known creditors and contract counterparties of the Debtors in the United States; and (e) any other creditors and parties in interest, as set forth in the Consolidated Verified List Pursuant to Fed. R. Bankr. P. 1007(a)(4), 1008, and 2002(q) attached to the Verified Petition; (f) all other parties that request notice in the Chapter 15 Cases as of the date of such service; and (g) all other parties as this Court may direct (collectively, the "Notice Parties").

11. The Foreign Representative submits that the form and manner of service of notice requested herein for the Notice Parties constitutes adequate and sufficient notice of the commencement of the Chapter 15 Cases and the relief sought in the Verified Petition. Additionally, service of all further pleadings that the Foreign Representative files in these Chapter 15 Cases by electronic mail, to the extent email addresses are available, and otherwise by overnight mail or United States mail, first class postage prepaid, to the Notice Parties is an effective and

efficient way to provide notice to such parties.

12.     Accordingly, the Foreign Representative respectfully requests that the Court approve the foregoing manner of service of the Notice Documents pursuant to Bankruptcy Rules 2002(m), 2002(p), 2002(q)(1), and 9007.

13.     In addition, if any party files a notice of appearance in these Chapter 15 Cases, the Foreign Representative proposes to serve, or cause to be served, upon such party (or its counsel) (a) the Notice Documents within three (3) business days (or as soon as practicable thereafter) of the filing of such notice of appearance if such documents have not already been served on such party (or its counsel), and (b) any subsequent pleadings filed by the Foreign Representative in these Chapter 15 Cases.

14.     The Foreign Representative proposes to effect service of the Verified Petition and Notice on the Notice Parties promptly after the filing of this Scheduling Motion.

15.     Under the facts and circumstances of the Debtors' Chapter 15 Cases, the form and manner of service of the Notice requested herein constitutes adequate and sufficient notice of these Chapter 15 Cases, the relief sought in the Verified Petition and the associated Objection Deadline and the Recognition Hearing Date. Accordingly, the Foreign Representative requests that this Court approve the form and manner of service of the Notice.

### A.     Requirements of Section 1514(c) are Not Applicable and Should be Waived

16.     Out of an abundance of caution, the Foreign Representative also seeks to clarify that certain notice requirements are not applicable in these Chapter 15 Cases. Specifically, section 1514(c) of the Bankruptcy Code provides that when notification of the commencement of a case is to be given to foreign creditors, such notice shall, among other things, indicate the time period for filing proofs of claim, specify the place for filing such proofs of claim and indicate whether

secured creditors need to file proofs of claim. 11 U.S.C. § 1514(c). Section 1514, though, applies only in plenary cases and does not apply in the context of a chapter 15 case. *See* 8 COLLIER ON BANKRUPTCY ¶ 1514.01 (16th 2026) (Section 1514 of the Bankruptcy Code is "[t]he last in the series of sections dealing with the international aspects of cases under chapters other than chapter 15 that began with section 1511."). Accordingly, the Foreign Representative respectfully requests that, to the extent applicable, the requirements contained therein be waived.

17.     Courts in this district have regularly granted this request. *See, e.g., Fossil (UK) Global Services Ltd.*, Case No. 25-90525 (Bankr. S.D. Tex. Oct. 23, 2025) Dkt. No. 18; *Telefónica del Perú S.A.A.*, No. 25-90022 (Bankr. S.D. Tex. Feb. 26, 2025) Dkt. No. 25; *In re CB&I UK Limited, et al*, No. 23-90795 (Bankr. S.D.Tex. Oct. 10, 2023) Dkt. No. 45; *In re Selecta Finance UK Limited, et al.*, No. 20-34947 (Bankr. S.D.Tex. Oct. 9, 2020) Dkt. No. 35; *In re AllSaints USA Ltd.*, No. 20-33072 (Bankr. S.D.Tex. June 17, 2020) Dkt. No. 23.

**II.     Form and Manner of Responses and Objections to the Verified Petition**

18.     The Foreign Representative requests that any response or objection to the Verified Petition be made pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, including, that such response or objection must be in writing, must set forth the basis for the objection, and such response or objection must be filed with the Court by the Objection Deadline.

19.     Bankruptcy Rule 1012(b) provides that, among other things, a party objecting to a petition to recognize a foreign proceeding under chapter 15 has until no later than seven (7) days before the date set for the hearing on the petition to respond, unless the court orders otherwise. In light of this requirement, the Foreign Representative respectfully submits that it is appropriate for the Court to (a) set the Recognition Hearing for the week of August 24, or as soon thereafter as the

Court's calendar permits, as the Recognition Hearing Date, and (b) set the Objection Deadline for the seventh day before the date of the Recognition Hearing, at 4:00 p.m. (prevailing central time) as the deadline by which any responses or objections to the relief sought in the Verified Petition as the Objection Deadline; and (c) set the Reply Deadline for 4:00 p.m. (prevailing Central Time) on the date that is three (3) days prior to the Recognition Hearing.

### III.    Redaction of Individual Information

20.     Section 107(c)(1) of the Bankruptcy Code provides that "[t]he bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent that the court finds the disclosure of such information would create undue risk of identity theft or unlawful injury to the individual or the individual's property," including "(A) [a]ny means of identification … contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code]" and "(B) [o]ther information contained in a paper described in subparagraph (A)."

21.     The form chapter 15 petition requires the Foreign Representative to attach a list containing names and addresses of "all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code." *See* Official Form 401, Chapter 15 Petition for Recognition of a Foreign Proceeding § 8. Here, the Foreign Representative seeks provisional relief against certain individuals and, as such, is required to disclose their names and addresses in the Debtors' form petitions.

22.     The Debtors respectfully submit that cause exists to authorize the Foreign Representative to redact, pursuant to 11 U.S.C. § 107(c)(1), personally identifiable information— including, without limitation, names and addresses—in respect of individuals listed on the form petitions or any other document filed with the Court. Such information could be used to perpetrate identity theft or unlawful injury to an individual.

8

**BASIS FOR EMERGENCY RELIEF**

23.      Pursuant to Bankruptcy Local Rule 9013-1, the Foreign Representative requests emergency consideration of this Scheduling Motion. Section 1517(a) and (c) of the Bankruptcy Code contemplates that a "petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time" following a 21-day notice period, as set forth in Bankruptcy Rule 2002(q). The relief requested in this Scheduling Motion must be entered on an emergency basis to facilitate timely consideration of the Verified Petition.

**NOTICE**

24.      The Foreign Representative will give notice of this Scheduling Motion to the Notice Parties and such other entities as this Court may direct. In light of the nature of the relief requested, the Foreign Representative submits that no further notice is required.

**NO PRIOR REQUEST**

25.      The Foreign Representative requests the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as may be just and proper. No previous request for the relief sought herein has been made by the Foreign Representative to this or any other court in the United States.

*[Remainder of page intentionally left blank]*

WHEREFORE the Foreign Representative respectfully requests that the Court (i) enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and (ii) grant such other and further relief as it deems just and appropriate.

Dated: July 21, 2026

Respectfully submitted,

/s/ *John R. Hardin*

John R. Hardin (TX Bar No. 24012784)
john.hardin@ashurstperkins.com
ASHURST PERKINS COIE US LLP
2699 Howell Street, Suite 700
Dallas, Texas 75204
Telephone: (214) 965-7700

Tina N. Moss, (pro hac vice pending)
tina.moss@ashurstperkins.com
Karli K. Wade, (pro hac vice pending)
karli.wade@ashurstperkins.com
ASHURST PERKINS COIE US LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Telephone: (212) 262-6900

*Attorneys for The Fuller Landau Group Inc.,*
*as Court-Appointed Receiver and Foreign*
*Representative for Debtors*

10

**<u>Certificate of Service</u>**

I certify that on July 21, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/John R. Hardin*
John R. Hardin
