**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| LION FORCE TRANSPORT INC., *et al.*,[1] | Case No.: 26-90717 (ARP) |
| Debtors in a Foreign Proceeding. | (Joint Administration Pending) |

**EMERGENCY MOTION OF FOREIGN REPRESENTATIVE**
**FOR PROVISIONAL RELIEF**
**PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 2:00 P.M. (PREVAILING CENTRAL TIME) ON JULY 28, 2026.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Fuller Landau Group Inc. ("Fuller"), as the court-appointed Receiver (in such capacity, the "Receiver") and authorized foreign representative (in such capacity, the "Foreign Representative") of the above-captioned debtors ("Lion Force Group" or the "Debtors"), which are the subjects of a receivership proceeding (the "Canadian Receivership") pursuant to section 243(1) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "BIA") and section 101 of the *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended (the "CJA") pending

---

[1] The chapter 15 debtors in these chapter 15 cases (the "Debtors"), along with the last four digits of the Debtors' Canadian business number, are as follows: Lion Force Transport Inc. (4050); 2696942 Ontario Inc. (6942); 2854233 Ontario Inc. (4233). The Debtors' executive headquarters are located at 27 Automatic Road, Brampton Ontario, L6S 5N8.

before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), submits

this motion (the "Motion") pursuant to sections 105(a), 1504, 1515, 1517, 1519, 1520, 1521 and

1522 of title 11 of the United States Code (the "Bankruptcy Code") to the United States Bankruptcy

Court for the Southern District of Texas (the "Court"), seeking entry of an order, substantially in

the form attached hereto as **Exhibit A**, granting provisional relief (the "Provisional Relief Order"),

and specifically, rendering sections 362 and 365 of the Bankruptcy Code applicable with respect

to the Debtors and their Property (defined below) that is within the territorial jurisdiction of the

United States.

**PRELIMINARY STATEMENT**

1.       In support of the requested relief, the Foreign Representative respectfully

incorporates the following herein by reference:  (a) the *Verified Petition of Foreign Representative*

*for (I) Recognition of Canadian Proceeding as Foreign Main Proceeding, (II) Recognition of*

*Foreign Representative, and (III) Related Relief Under Chapter 15 of  the  Bankruptcy  Code*

[Docket No.  2  (the  "Verified  Petition"); (b) the *Declaration   of   Foreign Representative*

*Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure*

*and in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding,*

*(II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the*

*Bankruptcy Code* [Docket No. 3] (the "Foreign Representative Declaration");  and  (c) the

*Declaration of Roger Jaipargas in Support of Verified Petition for (I) Recognition of Foreign Main*

*Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15*

*of the Bankruptcy Code* [Docket No. 4] (the "Jaipargas Declaration").[2]   The Foreign Representative further represents to the Court as follows:

2.     As more fully set forth in the Foreign Representative Declaration, Fuller was appointed as Receiver over the Debtors and their assets in the Canadian Receivership.  Pursuant to the Appointment Order dated May 15, 2026 (attached as Exhibit C to the Foreign Representative Declaration), the Receiver was authorized to, among other things, take possession of the Property, manage the business of the Debtors in the ordinary course of business (including purchase or lease of machinery, equipment, inventories, supplies, premises or other assets to continue the business of the Debtors or any part or parts thereof), engage professionals, market any or all of the Property, and sell, convey, transfer, lease or assign the Property or any part or parts thereof out of the ordinary course of business (subject to court approval for any transaction that exceeds $250,000 individually or exceeds $500,000 in the aggregate).  *See* Appointment Order ¶ 3(k).  The Receiver was further specifically authorized to act as the Foreign Representative and to seek relief under chapter 15 of the Bankruptcy Code.  *Id.* at ¶ 32.

3.     Accordingly, on the date hereof, the Foreign Representative filed the Verified Petition seeking, among other things, recognition of its status as the Debtors' foreign representative, recognition of the Canadian Receivership as "foreign main proceedings" under section 1517 of the Bankruptcy Code, and certain related relief.

4.     These Chapter 15 Cases will serve a critical role in effectuating a fair and orderly liquidation process with respect to the Property, which will be made possible through the Canadian Receivership.  Specifically, this case will (i) protect the Debtors' interests in valuable assets

---

[2]     Capitalized terms not otherwise defined herein shall have their meaning as set forth in the Verified Petition, Foreign Representative Declaration, or Jaipargas Declaration, as applicable.

currently located in the United States (including approximately 80 trailers located in Texas and Michigan and certain accounts receivable), (ii) prevent the Debtors' creditors and other parties in interest (including contract counterparties), who may have contacts with the United States and are subject to personal jurisdiction of this court, from commencing actions in the United States that are more properly the subject of the Canadian Receivership or that will interfere with its orderly administration, and (iii) permit the Receiver to seek enforcement of further relief obtained from the Canadian Court that may address issues related to the sale of the Debtors' assets, and to their U.S. customers and stakeholders.  The relief requested in this Motion is necessary and appropriate for the Receiver to fulfill its mandate of preserving, protecting, and realizing on the Property of the Debtors.

5.       The Foreign Representative now seeks certain provisional relief between the date hereof and this Court's entry of the Foreign Representative's proposed order recognizing the Canadian Receivership, and requests, among other things, that this Court immediately order the application of sections 362 and 365 of the Bankruptcy Code to these Chapter 15 Cases.

6.       Although the Appointment Order provided relief by staying proceedings against the Debtors and their Property (*see* Appointment Order ¶ 10), the Debtors may be exposed to potentially adverse action in the United States by certain creditors and other parties in interest (including contract counterparties) who may otherwise disregard the stay imposed under the Appointment Order by, among other things, exercising remedies with respect to the Property in the United States.

7.       The provisional relief requested by the Foreign Representative, which is generally afforded to debtors in chapter 15 recognition proceedings, is required to fulfill its mandate of preserving, protecting, and realizing on the Property.

8.     Indeed, chapter 15 of the Bankruptcy Code is intended to prevent precisely these negative effects on administration of a debtor's insolvency proceeding in a foreign country by complementing and facilitating corporate rehabilitation or liquidation in another country. Therefore, and for reasons further described herein, the Foreign Representative respectfully submits that provisional relief is urgently needed to prevent disruption to the Canadian Receivership, conserve the value of the Debtors' assets, and to avoid prejudice to the Receiver's fulfillment of its mandate.

## JURISDICTION AND VENUE

9.     The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the Southern District of Texas, dated May 24, 2012. Recognition of a foreign proceeding and other matters under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") are core matters under 28 U.S.C. § 157(b)(2)(P).

10.     These Chapter 15 Cases have been properly commenced with respect to each of the Debtors in accordance with sections 1504 and 1509(a) of the Bankruptcy Code by the filing of the Verified Petition.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1410(3) as (i) Lion Force Transport Inc. owns approximately 70 trailers located in Texas; and (ii) each of the Debtors has property in the United States in the form of a legal retainer held in the Dallas, Texas client IOLTA account of Ashurst Perkins Coie US LLP at Wells Fargo Bank.[3]  The Foreign Representative,

---

[3]     For purposes of section 109(a) of the Bankruptcy Code, "property in the United States" has been held to include an attorney retainer in a U.S. bank account. *See In re Cell C Proprietary Ltd.*, 571 B.R. 542, 552 (Bankr. S.D.N.Y. 2017); *In re Berau Capital Resources Pte Ltd*, 540 B.R. 80, 82 (Bankr. S.D.N.Y. 2015); *In re Octaviar Administration Pty Ltd.*, 511 B.R. 361, 372 (Bankr. S.D.N.Y. 2014); *see also In re Siu-Fung Ceramics Holdings Ltd.*, No. 24-33299, 2026 WL 382424 at *19 (Bankr. S. D. Tex. Feb. 10, 2026) (citing Second Circuit authority).

solely in its capacity as such, consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

12. The statutory bases for the relief requested herein are sections 105(a), 362, 365, 1517, 1519, and 1521 of the Bankruptcy Code, and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

13. The Debtors are part of a group of six companies, of which three entities, Lion Force Transport Inc. ("Lion Force"), 2696942 Ontario Inc. ("269" and together with Lion Force, the "Borrowers"), and 2854233 Ontario Inc. ("285") are Debtor-entities (collectively, the "Credit Parties"). Although the Debtors are structured as stand-alone entities, the Debtors and the non-Debtor affiliates operated as a single, integrated business enterprise, providing transportation logistics to customers located in the United States and Canada.

14. On May 1, 2026, following the defaults by the Borrowers, RBC filed its Notice of Application under the BIA and CJA seeking to have a receiver appointed (the "Canadian Receivership"). On May 14, 2026, the Debtors, in conjunction with three non-Debtor entities, filed a competing application to pursue a restructuring proceeding under the Canadian *Companies' Creditors Arrangement Act* (the "CCAA Application").

15. On May 15, 2026, the Canadian Court conducted a hearing for the appointment of the Receiver. The Canadian Court entered an order (the "Appointment Order") dismissing the CCAA Application and appointing Fuller as the Receiver, without security, over all of the assets, undertakings and properties of the Debtors acquired for, or used in relation to, businesses carried on by the Debtors, and all proceeds thereof (the "Property").

16. The Appointment Order includes the following "stay" provisions to be in force:

**NO PROCEEDINGS AGAINST THE RECEIVER**

> **THIS COURT ORDERS** that no proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**"), shall be commenced or continued against the Receiver except with the written consent of the Receiver or with leave of this Court.

Foreign Rep. Decl., Ex. C, Appointment Ord., ¶ 9.

**NO PROCEEDINGS AGAINST THE DEBTORS OR THE PROPERTY**

> **THIS COURT ORDERS** that no Proceeding against or in respect of the Debtors or the Property shall be commenced or continued except with the written consent of the Receiver or with leave of this Court and any and all Proceedings currently under way against or in respect of the Debtors or the Property are hereby stayed and suspended pending further Order of this Court.

*Id.* at ¶ 10.

**NO EXERCISE OF RIGHTS OR REMEDIES**

> **THIS COURT ORDERS** that all rights and remedies against the Debtors, the Receiver, or affecting the Property, are hereby stayed and suspended except with the written consent of the Receiver or leave of this Court, provided however that this stay and suspension does not apply in respect of any "eligible financial contract" as defined in the BIA, and further provided that nothing in this paragraph shall (i) empower the Receiver or the Debtors to carry on any business which the Debtors are not lawfully entitled to carry on, (ii) exempt the Receiver or the Debtors from compliance with statutory or regulatory provisions relating to health, safety or the environment, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

*Id.* at ¶ 11.

17.    The Appointment Order also prohibits certain adverse actions from being taken by contract counterparties, as follows:

> **THIS COURT ORDERS** that no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Debtors, without written consent of the Receiver or leave of this Court.

*Id*. at ¶ 12. *See also Id.* at ¶ 13 (prohibiting suppliers of goods and/or services from "discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Receiver").

18.     The Appointment Order also vests the Receiver with broad power and control over the Debtors' assets and business, including the authority to take possession of and control the Debtors' assets and business. *Id.* at ¶ 3(a). This mandate also specifically includes, *inter alia*, the power "to receive and collect all monies and accounts now owed or hereafter owing to the Debtors and to exercise all remedies of the Debtors in collecting such monies…[.]" *Id*. at ¶ 3(f).

### NEED FOR CHAPTER 15 PROVISIONAL RELIEF

19.     As of the commencement of the Canadian Receivership, the Debtors own approximately 80 trailers located in the United States (the "U.S. Trailers"). The Receiver is currently attempting to establish control over the U.S. Trailers and has in some instances been met with resistance on the part of parties presently in control of certain of the U.S. Trailers located in Texas due to amounts purportedly owed to them by the Debtors prior to the filing of the Canadian Receivership.

20.     Lion Force also owns accounts receivable in excess of $1,900,000 owed to Lion Force by, among others, contract counterparties subject to agreements governed by U.S. law and for whom Lion Force provided transportation services in the US. The Receiver is in the process of attempting to collect these accounts.

21.     Lion Force also has a bank account at City National Bank (operating as RBC Bank (Georgia), N.A.) ("CNB"), located in North Carolina, with a balance of $173,165.99 USD, as of July 14, 2026. The Receiver has requested that CNB turn over the funds in this account to the Receiver, but CNB has declined to do so pending recognition of the Canadian Receivership by the United States Bankruptcy Court.

22.     Granting the provisional relief requested herein will prevent contractual counterparties from exercising certain rights and remedies in the United States during the course of the Canadian Receivership pending the Court's consideration of the Verified Petition.

23.     The Foreign Representative is seeking provisional relief from this Court during the period between the date of filing of this Motion and this Court's entry of the Foreign Representative's proposed order recognizing the Canadian Receivership in order to preserve the *status quo* including, but not limited to, enforcing the stay provisions of the Appointment Order and ordering the application of sections 362 and 365 of the Bankruptcy Code to this Chapter 15 Case in the interim.  Such relief is necessary to allow the Receiver to preserve assets that should be available for distribution to all of the Debtors' creditors and to prevent dissipation of the assets in violation of the stay in place pursuant to the Appointment Order.  Moreover, in order for the Receiver to effectively liquidate the Debtors' assets and, if warranted, administer a claims process under the supervision of the Canadian Court, the Receiver must have full advantage of a stay in proceedings (including the protections of sections 362 and 365(e) of the Bankruptcy Code) so that it may protect the Debtors' rights in the U.S. Property, preserve their contractual rights, evaluate the Debtors' other property interests, and investigate any claims asserted against the Debtors' Property.

24.     For all of the above reasons, the provisional relief described below is necessary to prevent disruption to the Canadian Receivership, conserve the value of the Debtors' assets, and to avoid prejudice to the Receiver's fulfillment of its mandate of preserving, protecting, and realizing on the Property.

## **RELIEF REQUESTED**

25.     Pursuant to sections 105(a), 1519, and 1521 of the Bankruptcy Code, the Foreign Representative respectfully requests that the Court enter the Provisional Relief Order, substantially

in the form attached hereto as **Exhibit A**, granting the following provisional relief pending recognition of the Canadian Receivership:

A. Recognition and enforcement in the United States, on a provisional basis, of the Appointment Order providing for, among other things:[4]

    i. staying all proceedings and remedies taken or that might be taken in respect of the Debtors or their Property until the Court rules on the Debtors' Chapter 15 Petitions, to the same extent provided in the Appointment Order; and

    ii. recognizing the effectiveness of the Appointment Order insofar as it grants the Receiver powers set forth in Paragraph 3 of the Appointment Order, including, among other things, the power to access and take control of the Debtors' Property, manage the business, and receive and collect all monies and accounts.

B. Recognizing the Foreign Representative as the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States.

C. Finding that, until the Court rules on the Debtors' Chapter 15 Petitions, section 362 of the Bankruptcy Code shall apply with respect to the Debtors and the Property that is within the territorial jurisdiction of the United States. For the avoidance of doubt and without limiting the generality of the foregoing, the Provisional Relief Order shall impose a stay within the territorial jurisdiction of the United States with respect to:

    i. The commencement or continuation, including the issuance or employment of process, of any judicial, administrative, or other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi- judicial, regulatory, administrative, or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof, or to exercise any control over the Debtors' assets located in the United States except as authorized by the Foreign Representative in writing;

    ii. The creation, perfection, seizure, attachment, enforcement, or execution of liens or judgments against the Property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United

---

[4] Capitalized terms used in this section but not otherwise defined herein shall have the meanings ascribed to them in the Appointment Order.

States without the express consent of the Foreign Representative;

iii.    Any act to collect, assess, or recover a claim against the Debtors that arose before the commencement of the Debtors' Chapter 15 Cases; and

iv.    The setoff of any debt owing to the Debtors that arose before the commencement of the Debtors' Chapter 15 Cases against any claim against the Debtors.

D.    Finding that, until the Court rules on the Verified Petition, section 365(e) of the Bankruptcy Code shall apply with respect to the Debtors, and their contractual counterparties, as to the Debtors' executory contracts and unexpired leases that are within the territorial jurisdiction of the United States.

E.    Finding specifically that, until the Court rules on the Verified Petition, any and all counterparties to executory contracts with the Debtors are prohibited from taking any steps to terminate or modify any such contract.

F.    Finding that, until the Court rules on the Verified Petition, any and all licensors or licensees are hereby prohibited from taking any steps to terminate or modify any license to which the Debtors are a party for any reason, including non-payment of royalties and/or due to any *ipso facto* clause described by section 365(e)(1) of the Bankruptcy Code.

## BASIS FOR RELIEF

26.    The Foreign Representative has contemporaneously filed the Verified Petition seeking recognition and a ruling that the Canadian Receivership is a foreign main proceeding under section 1517 of the Bankruptcy Code.[5]

27.    Section 1519 of the Bankruptcy Code permits the Court, "[f]rom the time of filing a petition for recognition until [it] rules on the petition" to grant provisional relief pending recognition of the foreign proceeding where such relief is "urgently needed to protect the assets of

---

[5]    "[F]iling a petition for recognition is a precondition for provisional relief under § 1519[.]" *HFOTCO LLC v. Zenia Special Mar. Enter.*, Case No. CV H-19-3595, 2021 WL 2834687, at *4 (S.D. Tex. July 7, 2021).

the debtor or the interests of the creditors[.]" 11 U.S.C. § 1519(a).  Sections 1519(a)(1)-(3) of the

Bankruptcy Code define the scope of available provisional relief, which includes:

(1) staying execution against the debtor's assets;

(2) entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative or another person authorized by the court, including an examiner, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and

(3) any relief referred to in paragraph (3), (4), or (7) of section 1521(a).

11  U.S.C. § 1519(a).

28.      Section 1521(a)(7) authorizes the court, upon recognition of a foreign proceeding, to grant "any appropriate relief," including "granting any additional relief that may be available to a trustee," such as the relief available under Bankruptcy Code section 362.  11 U.S.C. § 1521(a)(7).

29.      In determining whether provisional relief is appropriate in the gap period between the chapter 15 filing and recognition hearing, bankruptcy courts apply the "standards, procedure, and limitations" applicable for the entry of a preliminary injunction.  11 U.S.C. § 1519(e); *see also In re Vitro, S.A.B. de C.V.*, 455 B.R. 571, 580 (Bankr. N.D. Tex. 2011) ("Injunctions issued under § 105 outside of a plan of reorganization may be granted only 'under the usual rules for the issuance of an injunction.'") (quoting *In re Commonwealth Oil Refining Co.,* 805 F.2d 1175, 1188 (5th Cir.1986)).

30.      The Foreign Representative seeks enforcement of the stay provisions of the Appointment Order and imposition of sections 362 and 365(e) of the Bankruptcy Code for the purpose of maintaining the *status quo* until the Court rules on the Verified Petition.  Imposition of such relief is contemplated by section 1521(a)(7) of the Bankruptcy Code.  Accordingly, the Foreign Representative seeks provisional relief under sections 105(a) and 1519 of the Bankruptcy Code.  The Foreign Representative intends to seek continuation of the stay via section 1521(a)(1)

of the Bankruptcy Code upon the Court's recognition of the Canadian Receivership as a "foreign main" proceeding.

31.     The provisional relief requested here is an "effective mechanism" to implement the chapter 15 policies of promoting cooperation between courts of the United States and courts of foreign countries involved in cross-border restructuring cases. *See* 11 U.S.C. § 1501(a). The "fair and efficient administration of cross border [cases] that protects the interest of all creditors, and other interested entities," including the Debtors, is essential to the "protection and maximization of the value of the [Debtors'] assets." *Id.*

32.     Furthermore, the provisional relief sought herein is of a type frequently granted in chapter 15 cases, including those in this District. Bankruptcy courts in the United States have routinely imposed the automatic stay provisions of section 362 stay or ordered similar relief to maintain the *status quo* pending recognition or disposition of foreign proceedings in ancillary cases under chapter 15, and previously under section 304 of the Bankruptcy Code[6], including in respect of recognition proceedings that relate to restructurings of corporations in Canadian courts. *See, e.g.*, *In re Energera, Inc.*, Case No. 26-90433 (Bankr. S.D. Tex. April 1, 2026), Dkt. No. 15; *In re Flo-Back Equipment Inc.*, Case No. 24-90059 (Bankr. S.D. Tex. March 18, 2024) Dkt. No. 15; *In re Cimolai S.p.A.*, Case No. 23-90109 (Bankr. S.D. Tex. Mar. 10, 2023) Dkt. No. 13; *In re Just Energy Group Inc.*, Case No. 21-30823 (Bankr. S.D. Tex. Mar. 9, 2021) Dkt. No. 23; *In re ENTREC Corporation*, Case No. 20-32643 (Bankr. S.D. Tex. May 15, 2020) Dkt. No. 13.

---

[6] Section 304 of the Bankruptcy Code was repealed in 2005 and replaced by chapter 15.

-13-

I.      **PROVISIONAL RELIEF IS URGENTLY NEEDED TO PROTECT THE DEBTORS' ASSETS.**

33.     The provisional relief is urgently needed here to protect the Debtors' assets and to protect the interests of creditors as a whole. *See* 11 U.S.C. § 1519(a). Although a "petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time," there is necessarily a gap between the time the petition for recognition is filed and the time the court makes a decision on whether a proceeding should be recognized. 11 U.S.C. § 1517(c). Prior to recognition, a chapter 15 debtor is not entitled to the automatic stay or any other provisions of the Bankruptcy Code, which, in this case, necessitates an order granting provisional relief. Provisional relief should be granted "where relief is urgently needed to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1519(a).

34.     Without the limited application of section 362, certain of the Debtors' U.S. property, including the U.S. Trailers and the funds held in the CNB account, will remain inaccessible to the Receiver, acting as an impediment to the Receiver's asserting control over these assets and protecting their value as plainly provided for by the Appointment Order. There is also a real and substantial risk that stakeholders may allege events of default and take actions commence actions or otherwise exercise remedies in the United States that are more properly the subject of the Canadian Receivership or that could interfere with the Receiver's ability to maximize the value of the Debtors' assets for the benefit of all stakeholders. This risk is precisely what provisional relief under section 1519 of the Bankruptcy Code is intended to address. *See, e.g.*, *In re Andrade Gutierrez Engenharia S.A.*, 645 B.R. 175, 181 (Bankr. S.D.N.Y. 2022) ("irreparable harm exists when local actions could hinder the orderly process of a foreign proceeding and the goal of fair distribution of assets").

35.     Any such actions against the Debtors at this time will severely impair the Receiver's ability to liquidate the Debtors' assets for the benefit of all stakeholders and potentially result in damage to their value and harm to other creditors and stakeholders.

## II.     THE REQUESTED RELIEF MEETS THE STANDARDS FOR A PRELIMINARY INJUNCTION.

36.     Provisional relief under chapter 15 of the Bankruptcy Code is conditioned on a foreign representative demonstrating that a debtor meets the standards applicable to an injunction. *See* 11 U.S.C. § 1519(e).  In this context, a preliminary injunction is warranted when a movant shows: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *In re Vitro, S.A.B. de C.V.,* 455 B.R. 571, 580 (Bankr. N.D. Tex. 2011) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 19 (2008).  As discussed herein, the Foreign Representative satisfies the applicable standard.

### A.     There Is a Substantial Likelihood of Recognition of the Canadian Receivership as a Foreign Main Proceeding.

37.     The first "likelihood of success" element is satisfied in the context of a motion under section 1519 if the movant shows that it will likely obtain recognition of the foreign proceeding.  *In re Andrade Gutierrez*, 645 B.R. at 181.  Under section 1502 of the Bankruptcy Code, the term "foreign main proceeding" means "a foreign proceeding pending in the country where the debtor has the center of its main interests."  11 U.S.C. § 1502(4).  Section 1516 of the Bankruptcy Code establishes a rebuttable presumption that the debtor's registered office is the debtor's center of main interests.  *See* 11 U.S.C. § 1516(c).

38.     Courts have held that a foreign representative seeking recognition of a "foreign proceeding" must prove that such proceeding:

> a.   is either judicial or administrative;

b.  is collective in nature;

c.  is in a foreign country;

d.  is authorized or conducted under a law related to insolvency or the adjustment of debts;

e.  is one in which the debtor's assets and affairs are subject to the control or supervision of a foreign court; and

f.  is for the purpose of reorganization or liquidation.

*See In re Betcorp Ltd.*, 400 B.R. 266, 277 (Bankr. D. Nev. 2009); *see also In re Ran*, 607 F.3d 1017, 1021 (5th Cir. 2010) (affirmatively citing *Betcorp*); *see also In re Ashapura Minechem Ltd.*, 480 B.R. 129, 136 (S.D.N.Y. 2012).

39.     Courts routinely recognize Canadian insolvency proceedings, including Canadian receiverships, as "foreign proceedings." *See, e.g.*, *In re Giftcraft Ltd.*, No. 25-11030 (Bankr. S.D.N.Y. June 16, 2025) Dkt. No. 37 (recognizing Canadian receivership as foreign main proceeding); *In re Mood Media Corp.*, No. 17-11413 (Bankr. S.D.N.Y. June 28, 2017) Dkt. No. 44 (recognizing Canadian Proceedings as foreign main proceedings as to Mood Media Corporation); *In re Antamex Industries ULC*, No. 24-10934 (Bankr. D. Del. June 4, 2024) Dkt. No. 35 (recognizing Canadian receivership as a foreign main proceeding); *In re SimEx Inc.*, No. 24-10083 (Bankr. D. Del. Feb. 20, 2024) Dkt. No. 39 (recognizing Canadian proceeding commenced under Canada's Companies' Creditors Arrangement Act as a foreign main proceeding); *In re Yatsen Group of Companies Inc.*, No. 21-10073 (Bankr. D. Del. Feb. 24, 2021) Dkt. No. 42 (same); *In re Hematite Holdings Inc.*, No. 20-12387 (Bankr. D. Del. Oct. 15, 2020) Dkt. No. 35 (same).

40.     There is a compelling case for recognition of the Canadian Receivership as a "foreign main proceeding." As set forth in the Jaipargas Declaration, the Canadian Receivership is pending before the Canadian Court under the Bankruptcy and Insolvency Act and satisfies each of the requirements found in section 101(23) of the Bankruptcy Code to establish that it qualifies as a "foreign proceeding" for purposes of that section. Further, the Canadian Receivership is pending in a country where the Debtors have their "center of main interest," evidenced by the following:

    a. Lion Force Group operates out of the Brampton Facility, which contains the Debtors' books and records;

    b. Lion Force, 269, and 285 are each incorporated under the Business Corporations Act (Ontario);

    c. the Debtors' directors and officers are located in Ontario where, prior to the Canadian Receivership, key corporate decisions were made;

    d. the Receiver is currently managing the Debtors' affairs and assets from Ontario, Canada.

41.     Consequently, there is a rebuttable presumption that the Debtors' center of main interest is located in Canada.

42.     In addition, these Chapter 15 Cases were duly and properly commenced by filing the chapter 15 petitions accompanied by all fees, documents, and information required by the Bankruptcy Code and the Bankruptcy Rules. Upon recognition of the Canadian Receivership as a foreign main proceeding, section 362 of the Bankruptcy Code will automatically apply in these Chapter 15 Cases pursuant to section 1520(a)(1) of the Bankruptcy Code. 11 U.S.C. § 1520(a)(1). Moreover, application of section 365(e) on an interim basis, preventing contract counterparties

-17-

from terminating their prepetition contracts with the Debtors, is consistent with the injunctive relief afforded by the automatic stay under section 362.

**B.      The Debtors Will Suffer Irreparable Harm Absent Provisional Relief.**

43.      Application of provisional relief pursuant to sections 362 and 365(e) of the Bankruptcy Code in these cases is critical to the prevention of irreparable damage to the Canadian Receivership.   These Chapter 15 Cases were commenced for the purpose of obtaining the assistance of this Court in respect of the Canadian Receivership and to give effect in the United States to the Appointment Order and subsequent orders of the Canadian Court.  As noted in the Foreign Representative Declaration and in the Verified Petition, the Debtors own substantial property in the United States, including the U.S. Trailers, the funds in the CNB account, accounts receivable, and funds held as a legal retainer by their U.S. counsel.  Unless the Provisional Relief Order is granted and all creditors and counterparties are enjoined, the Receiver will be unable to assert control over certain of the U.S. assets to protect their value for all stakeholders and faces the continued risk that the Debtors' creditors may take enforcement actions to recover against their U.S. assets, as well as the risk that contract counterparties may attempt to assert rights to the property.  If certain creditors and other counterparties unilaterally pursue collection or enforcement efforts, such actions could diminish the value of the Debtors' assets to the detriment of all stakeholders.  The relief requested herein is necessary to protect against these risks.

44.      The purpose of chapter 15 is to provide such protection by, among other things, ensuring that all of a debtor's creditors are enjoined from taking action against the debtor's assets, thereby preventing some creditors from getting an unfair advantage over others.  *See* 11 U.S.C. § 1501.

45.      Because the Debtors have assets in the United States in the possession of third parties, certain parties have continued to exercise control over some of these assets and others may

-18-

be inclined to exercise control over the Debtors' assets or pursue claims against the Debtors in the United States in the near term. If such parties exercise control over the Debtors' assets or take collection actions against the Debtors or their property, the administration of the Canadian Receivership and the ability to conduct and effectuate a value-maximizing liquidation process therein would be jeopardized by the diversion of the Debtors' limited resources to addressing those parties and actions throughout the United States. *See, e.g.*, *In re Netia Holdings S.A.*, 278 B.R. 344, 352 (Bankr. S.D.N.Y. 2002) (explaining that "[i]t is well established . . . that the dissipation of the finite resources of an insolvent estate constitutes irreparable injury."); *In re MMG, LLC*, 256 B.R. 544, 555 (Bankr. S.D.N.Y. 2000) (finding that "irreparable harm exists whenever local creditors of the foreign debtor seek to collect their claims or obtain preferred positions to the detriment of other creditors.").

46. Accordingly, the provisional relief is necessary on an emergency basis to protect the Debtors' assets and to enable the Receiver to carry out its duties under the Canadian Receivership.

**C.     The "Balance of Harms" Weighs in Favor of a Grant of Provisional Relief.**

47. In contrast to the hardships described above, preservation of the *status quo* through imposition of the automatic stay and prevention of enforcement of contract remedies while the Receiver undertakes the liquidation process in the Canadian Receivership will not prejudice creditors. Indeed, creditors as a whole will benefit from such relief. The relief requested in this Motion is intended to be temporary, extending only through the disposition of the Verified Petition. Moreover, the Provisional Relief Order specifically provides that any creditor that believes it has been harmed by the provisional relief granted therein may file a motion with the Court seeking relief therefrom. Granting the request for provisional relief will benefit the Debtors' creditors

because it will ensure the value of the Debtors' assets is preserved, protected, and maximized for the benefit of, and fair distribution to, all creditors.

### D.      Public Interest Favors Granting Provisional Relief.

48.      As noted above, the requested interim relief is consistent with the policies underlying the Bankruptcy Code, including the equitable treatment of all creditors.  Additionally, granting the requested relief is in the public interest because it will facilitate the Receiver's efforts to maximize the value of the Property for the benefit of the Debtors' creditors and other stakeholders—including those in the United States.  Moreover, granting provisional relief is in the public interest because it promotes cooperation between jurisdictions in cross-border insolvencies, which is an express purpose of chapter 15 of the Bankruptcy Code.  11 U.S.C. § 1501(a); *see also Cornfeld v. Invs. Overseas Servs., Ltd.*, 471 F.Supp. 1255, 1259 (S.D.N.Y. 1979), *aff'd* 614 F.2d 1286 (2d Cir. 1979) (explaining that "American public policy would be furthered, for the firm policy of American courts is the staying of actions against a corporation which is the subject of a bankruptcy proceeding in another jurisdiction.").

49.      Parties in interest will have an opportunity to participate in the Canadian Receivership, which considers and balances the needs of the various creditor constituencies in a collective orderly process, and to participate in any hearing on the granting of final relief in this Court.  The provisional relief sought here would be temporary, pending a decision on recognition, and would not hamper the ability of creditors to assert their rights in the Canadian Proceeding. The harm to the Debtors and their assets that would occur absent granting the provisional relief would be far greater than any potential prejudice to stakeholders that might wish to pursue their individual remedies in the United States in disregard of the Canadian Receivership.

50.     Accordingly, the Foreign Representative has demonstrated that the Debtors meet the standards applicable to an injunction, and thus, an emergency provisional stay pending the Court's decision on recognition should be granted.

### III.     ALL PARTIES ARE SUFFICIENTLY PROTECTED.

51.     As required under section 1522(a) of the Bankruptcy Code, the Court may grant relief under section 1519 of the Bankruptcy Code only if all parties are "sufficiently protected." 11 U.S.C. § 1522(a). Determining whether all parties are "sufficiently protected" involves a balancing test. *In re Sanjel (USA) Inc.*, No. 16-50778 (CAG), 2016 WL 4427075, at \*5 (Bankr. W.D. Tex. July 29, 2016) ("In judging whether relief should be modified pursuant to § 1522(a), courts have engaged in a balancing of the relative hardships to the parties when considering whether the interests of interested parties are sufficiently protected."). Further, the legislative history behind section 1522 of the Bankruptcy Code makes clear that Congress intended to give bankruptcy courts "broad latitude to mold relief to meet specific circumstances. . . ." H. Rep. No. 109-31, 109th Cong., 1st Sess. 116 (2005).

52.     As described above, the provisional relief is to preserve the status quo and imposes minimal hardship on any party that is not significantly outweighed by the benefits to the Debtors and all parties in interest pending the Court's ruling on recognition. The provisional relief does not affect a creditor's right to participate in the Foreign Proceedings, nor does it alter or affect the priority or validity of any creditor's claims. Additionally, the section 362 stay is accompanied by its own mechanism to protect parties in interest, e.g., the opportunity to seek relief from the stay for cause under section 362(d)(1) of the Bankruptcy Code. Accordingly, creditors or other interested parties are sufficiently protected by courts in Canada and the United States.

**EMERGENCY CONSIDERATION**

53.      Pursuant to Bankruptcy Local Rule 9013-1(i), the Foreign Representative respectfully requests emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 15 case "to the extent that relief is necessary to avoid immediate and irreparable harm." The Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than twenty-one days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. Accordingly, the Foreign Representative submits that he has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

**WAIVER OF BANKRUPTCY RULE 1007(a)(4)(B)**

54.      Contemporaneously with the filing of this Motion, the Foreign Representative filed the Lists Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(4) and 7007.1 (the "Bankruptcy Disclosures"), as a schedule attached to each Debtor's petition.  Among other things, Bankruptcy Rule 1007(a)(4)(B) requires a list of all entities against whom provisional relief is being sought under Section 1519 of the Bankruptcy Code, unless the court orders otherwise.  As set forth in this Motion and as reflected in the Bankruptcy Disclosures, the Foreign Representative seeks provisional application of the stay similar to that available under Section 362 of the Bankruptcy Code that would specifically, but not exclusively, affect those parties.  The relief sought herein could likewise affect other parties to the extent any party might commence litigation against the Debtors or enforce remedies against the Property.

55.     The disclosure provided in the Rule 1007 statement with respect to this Motion is sufficient to satisfy Bankruptcy Rule 1007(a)(4)(b).  However, and given that other, unknown parties may be affected, the Foreign Representative also requests that the Court waive any further requirement under Rule 1007(a)(4)(B) with respect to the provisional relief sought by this Motion as applied to parties that will be generally affected by the provisional relief order especially in light of the extensive number of parties that the Debtors did include in the Bankruptcy Disclosures.  *See In re Andrade Gutierrez*, 645 B.R. at 178–79 (granting motion for provisional relief, including waiving compliance with Rule 1007(a)(4)(B)).

## NO PRIOR REQUEST

56.     No previous request for the relief requested herein has been made to this Court or any other court.

## NOTICE

57.     The Foreign Representative will provide notice of this Motion consistent with Bankruptcy Rule 2002(q) and Local Rule 9013-1(d).  The Foreign Representative proposes to notify all creditors and parties in interest of the filing of the Petitions and the Foreign Representative's request for entry of an order in the form and manner set forth in the *Emergency Motion for Entry of Order (I) Scheduling Recognition Hearing, (II) Specifying Form and Manner of Service of Notice, and (III) Granting Related Relief*, filed contemporaneously herewith.  The Foreign Representative submits that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

**WHEREFORE**, the Foreign Representative respectfully requests entry of the Provisional Relief Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

*[Remainder of page intentionally left blank.]*

-23-

Dated: July 21, 2026            Respectfully submitted,


/s/ *John R. Hardin*
John R. Hardin (TX Bar No. 24012784)
john.hardin@ashurstperkins.com
ASHURST PERKINS COIE US LLP
2699 Howell Street, Suite 700
Dallas, Texas 75204
Telephone: (214) 965-7700

Tina N. Moss, (pro hac vice pending)
tina.moss@ashurstperkins.com
Karli K. Wade, (pro hac vice pending)
karli.wade@ashurstperkins.com
ASHURST PERKINS COIE US LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Telephone: (212) 262-6900


*Attorneys for The Fuller Landau Group Inc.,*
*as Court-Appointed Receiver and Foreign*
*Representative for Debtors*

## Certificate of Service

I certify that on July 21, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/John R. Hardin
John R. Hardin