## EXHIBIT A

Proposed Provisional Relief Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| LION FORCE TRANSPORT INC., *et al.*,[7] | Case No.: 26-90717 (ARP) |
| Debtors in a Foreign Proceeding. | (Joint Administration Pending) |

**[PROPOSED] ORDER GRANTING MOTION OF**
**FOREIGN REPRESENTATIVE FOR PROVISIONAL RELIEF**
**PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE**

Upon the motion for certain provisional and injunctive relief (the "Motion")[8] filed by The Fuller Landau Group Inc. ("Fuller"), in its capacity as court-appointed receiver (in such capacity, the "Receiver") of the above-captioned debtors (the "Debtors"), and in its capacity as the authorized foreign representative (in such capacity, the "Foreign Representative") of the Debtors, in connection with the Debtors' receivership proceedings under Canadian law currently pending (the "Canadian Receivership"); and upon this Court's review and consideration of the Motion, Verified Petition, Foreign Representative Declaration, and Jaipargas Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and the venue being proper before this Court pursuant to 28 U.S.C. § 1410; and due and sufficient notice of the filing of the Motion and the hearing thereon having

---

[7]   The chapter 15 debtors in these chapter 15 cases (the "Debtors"), along with the last four digits of the Debtors' Canadian business number, are as follows: Lion Force Transport Inc. (4050); 2696942 Ontario Inc. (6942); 2854233 Ontario Inc. (4233).  The Debtors' executive headquarters are located at 27 Automatic Road, Brampton Ontario, L6S 5N8.

[8]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

been given under the circumstances; and upon the record established at such hearing; and it appearing that the relief requested in the Motion is necessary to preserve the value of the Property and is in the best interests of the Debtors' estates, creditors, and other parties interest; and the Court having determined that the relief requested in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      There is a substantial likelihood that the Foreign Representative will successfully demonstrate that the Canadian Receivership constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and that the Court will determine that the additional relief sought herein, including the relief under sections 362 and 365, is necessary to effectuate the purpose of chapter 15 and protect the Property and the interests of creditors as contemplated by section 1521 of the Bankruptcy Code.

C.      The commencement or continuation of any action or proceeding in the United States against the Debtors should be enjoined pursuant to sections 105(a) and 1519 of the

Bankruptcy Code to permit the expeditious and economical administration of the Canadian Receivership, and such relief will either (a) not cause an undue hardship to other parties in interest or (b) any hardship to parties is outweighed by the benefits of the relief requested.

D.      Consistent with findings by the Canadian Court and relief granted under the Appointment Order, unless a preliminary injunction is issued with respect to the Debtors, there is a material risk that the Debtors' creditors or other parties in interest in the United States could use the Canadian Receivership and these Chapter 15 Cases as a pretext to exercise certain remedies or to assert rights under executory contracts with respect to the Debtors.

E.      Such acts could (a) interfere with and cause harm to the Debtors' efforts to administer the Canadian Receivership, (b) diminish the value of the Property, and (c) undermine the Receiver's efforts to achieve an equitable result for the benefit of all of the Debtors' creditors. Accordingly, there is a material risk that the Debtors may suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this order (this "Order").

F.      The Foreign Representative has demonstrated that, in the interest of comity, the purpose of chapter 15 is carried out by granting recognition on a provisional basis supported by the evidence presented on the record in the Canadian proceeding and giving effect to the Appointment Order.

G.      The interest of the public will be served by this Court's entry of this Order.

H.      All creditors and other parties in interest are sufficiently protected by the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

I.      The Foreign Representative and the Debtors are entitled to the full protections and rights available pursuant to sections 1519(a)(1)-(3) of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Beginning on the date of this Order and continuing until the date of the entry of an order of this Court recognizing the Canadian Receivership as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and the Foreign Representative as a "foreign representative" as defined in section 101(24) of the Bankruptcy Code (unless otherwise extended pursuant to section 1519(b) of the Bankruptcy Code), with respect to the Debtors:

   a) the Foreign Representative shall be the representative of the Debtors with full authority to administer the Debtor's assets and affairs in the United States

   b) section 362 of the Bankruptcy Code shall apply with respect to the Debtors and the assets of the Debtors that are within the territorial jurisdiction of the United States.  For the avoidance of doubt and without limiting the generality of the foregoing, the Provisional Relief Order shall impose a stay within the territorial jurisdiction of the United States of:

      (ii) the commencement or continuation, including the issuance or employment of process, of any judicial, administrative, or any other action or proceeding against the Debtors, or to recover a claim against the Debtors, or enforce against the Debtors or its assets any judgment, or obtain possession of property of its estate or of property of its estate, or to exercise any control over the Debtors' assets located in the United States except as authorized by the Foreign Representative in writing;

      (iii) the creation, perfection, or enforcement of liens against the Debtors' assets in the United States without the express consent of the Foreign Representative;

      (iv) any act to collect, assess, or recover a claim against the Debtors or their assets that arose before the commencement of the Debtors' Chapter 15 Cases; and

      (v) the setoff of any debt owing to the Debtors that arose before the commencement of the Debtors' Chapter 15 Cases against any claim against the Debtors;

c)    for counterparties to the Debtors' executory contracts or unexpired leases, section 365(e) of the Bankruptcy Code shall apply with respect to the Debtors and the property of the Debtors that is within the territorial jurisdiction of the United States; and

d)    until the Court rules on the Verified Petition, any and all counterparties to executory contracts, or landlords or lessors, are hereby prohibited from taking any steps to terminate or modify any executory contract, license, or lease to which the Debtors are a party for any reason, including non-payment of royalties and/or due to any *ipso facto* clause described by section 365(e)(1) of the Bankruptcy Code.

3.    The Appointment Order, attached hereto as **Exhibit 1**, is hereby given full force and effect on a provisional basis, including, without limitation, the sections of the Appointment Order (a) empowering and authorizing the Receiver to take necessary actions to conduct the Canadian Receivership, as outlined in paragraph 3 of the Appointment Order, (b) staying the commencement or continuation of any actions against the Debtors and their assets, and (c) granting relief with respect to executory contract and lease obligations of the Debtors.

4.    Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived, to the extent applicable.

5.    Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.  The Foreign Representative and its agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules.

6.    The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.    This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions

-7-

of this Order, for cause shown, that is properly commenced and within the jurisdiction of this

Court.


Houston, Texas
Dated: _____, 2026

_____
UNITED STATES BANKRUPTCY JUDGE