United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>LION FORCE TRANSPORT INC., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter No. 15<br><br>Case No.: 26-90717 (ARP)<br><br>(Joint Administration Pending) |

**ORDER GRANTING VERIFIED PETITION OF FOREIGN REPRESENTATIVE FOR (I) RECOGNITION OF CANADIAN PROCEEDING AS FOREIGN MAIN PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon consideration of the *Verified Petition for (I) Recognition of a Canadian Proceeding as Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* (together with the form petitions filed concurrently therewith, the "Verified Petition"), filed by The Fuller Landau Group Inc. ("Fuller"), in its capacity as the court-appointed receiver (in such capacity, the "Receiver") of the above-captioned debtors ("Lion Force Group" or the "Debtors"), in its capacity as the authorized foreign representative of the Debtors (the "Foreign Representative"); and upon the hearing on the Verified Petition and this Court's review and consideration of the Verified Petition, the Foreign Representative Declaration, and the Jaipargas Declaration;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

[1] The chapter 15 debtors in these chapter 15 cases (the "Debtors"), along with the last four digits of the Debtors' Canadian business number, are as follows: Lion Force Transport Inc. (4050); 2696942 Ontario Inc. (6942); 2854233 Ontario Inc. (4233). The Debtors' executive headquarters are located at 27 Automatic Road, Brampton Ontario, L6S 5N8.

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C. Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

D. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and this Court may enter a final order consistent with Article III of the United States Constitution.

E. Appropriate notice of the filing of, and the Hearing on, the Verified Petition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

F. No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

G. These Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

H. The Debtors have a domicile, principal place of business, and/or property in the United States, and the Debtors are eligible to be debtors in a chapter 15 case pursuant to, as applicable, 11 U.S.C. §§ 109 and 1501.

I. The Foreign Representative is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the duly appointed "foreign representative" of the Debtors as such term is defined in section 101(24) of the Bankruptcy Code. The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

J. The Canadian Receivership is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

K. The Canadian Receivership is pending in Canada, where the Debtors have their "center of its main interests" as referred to in section 1517(b)(1) of the Bankruptcy Code. Accordingly, the Canadian Receivership is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

L. The Foreign Representative is entitled to all the relief provided pursuant to sections 1507, 1519, 1520, and 1521 of the Bankruptcy Code without limitation, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code and to protect the assets of the Debtors and the interests of the Debtors' creditors.

M. All creditors and other parties in interest, including the Debtors, are sufficiently protected by the grant of relief ordered hereby in accordance with section 1522(a) of the Bankruptcy Code.

N. The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtors and the interests of their creditors and other parties in interest, is in the interest of the public and international comity, is consistent with the public policy of the United States, and will not cause any hardship to any party in interest that is not outweighed by the benefits of the relief granted. Absent the requested relief, the efforts of the Receiver in conducting the Canadian Receivership and the liquidation process may be frustrated by the actions of individual creditors, a result contrary to the purposes of chapter 15.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Verified Petition is granted.

2. The Canadian Receivership is recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code and is entitled to the protections of 11 U.S.C. § 1520(a), including, without limitation, the application of the protection afforded by the automatic stay under 11 U.S.C. § 362 to the Debtors and to the Debtors' property that is within the territorial jurisdiction of the United States.

3. Fuller, in its capacity as Receiver, is the duly appointed foreign representative of the Debtors within the meaning of 11 U.S.C. § 101(24), is authorized to act on behalf of the Debtors in these Chapter 15 Cases and is established as the exclusive representative of the Debtors in the United States.

4. The Appointment Order, including any and all existing and future extensions, amendments, restatements, and/or supplements authorized by the Canadian Court, is hereby given full force and effect, on a final basis, with respect to the Debtors and the Debtors' property that now or in the future is located within the territorial jurisdiction of the United States, including, without limitation, staying the commencement or continuation of any actions against the Debtors or their assets (except as otherwise expressly provided herein or therein).

5. All objections, if any, to the Verified Petition or the relief requested therein that have not been withdrawn, waived, or settled by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

6. Upon entry of this order (this "Order"), the Canadian Receivership and all prior orders of the Canadian Court shall be and hereby are granted comity and given full force and effect in the United States and, among other things:

a. the protections of sections 362 and 365(e) of the Bankruptcy Code apply to the Debtors;

b. all persons and entities are enjoined from taking any actions inconsistent with the Canadian Receivership, and from seizing, attaching, and enforcing or executing liens or judgments against the Debtors' assets in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative;

c. all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof;

d. all persons and entities are enjoined from commencing any suit, action, or proceeding against the Debtors, the Foreign Representative, or any of their respective successors, directors, officers, agents, employees, representatives, advisors, or attorneys in respect of any claim or cause of action, in law or in equity, arising out of or relating to any action taken or omitted to be taken in connection with these Chapter 15 Cases and the Canadian Receivership; and

e. all persons and entities are enjoined from terminating or modifying an executory contract or unexpired lease at any time after the commencement of these Chapter 15 Cases solely because of a provision in such contract or lease that is conditioned upon the commencement of the Canadian Receivership or a case under the Bankruptcy Code, or the insolvency or financial condition of the Debtors.

7. The Foreign Representative and the Debtors shall be entitled to the full protections and rights enumerated under section 1521(a)(4) and (5) of the Bankruptcy Code, and accordingly, the Foreign Representative:

a. is entrusted with the administration or realization of all or part of the Debtors' assets located in the United States;

b. is authorized to intervene in any proceedings in State or Federal Court in the United States in which any of the Debtors may be a party; and

c. has the right and power to examine witnesses, take evidence or deliver information concerning the Debtors' assets, affairs, rights, obligations, or liabilities.

8. All parties who believe they have a claim against the Debtors are obligated to file such claim in, and only in, the Canadian Receivership.

9. Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted to the Debtor and the Foreign Representative by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended, and that certain Order Granting Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code [Docket No. 33] (the "Provisional Relief Order") shall remain in full force and effect, on a final basis. To the extent there is any inconsistency between this Order and the Provisional Relief Order, the language in this Order shall control.

10. Pursuant to section 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, section 108 of the Bankruptcy Code is made applicable to the Debtors in these Chapter 15 Cases.

11. The Foreign Representative is hereby established as the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States, including, without limitation, making payments on account of the Debtors' prepetition and postpetition obligations, if necessary.

12. The Foreign Representative and its agents are authorized to serve or provide any notices required under the Federal Rules of Bankruptcy Procedure or Local Rules of this Court.

13. No action taken by the Foreign Representative, the Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for,

implementing, or otherwise acting in furtherance of or in connection with the Canadian Receivership, this Order, these Chapter 15 Cases, or any adversary proceeding herein, or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded the Foreign Representative, including without limitation pursuant to sections 306 or 1510 of the Bankruptcy Code.

14. Pursuant to paragraphs 3 and 12 of the Appointment Order, the banks and financial institutions with which the Debtors maintain bank accounts in the United States or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed, at the direction of the Foreign Representative, to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course of business, and, solely at the direction of the Foreign Representative, to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date, and drawn on the Debtors' bank accounts by respective holders and makers thereof.

15. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

16. This Order is without prejudice to the Foreign Representative requesting any additional relief in these Chapter 15 Cases, including seeking recognition and enforcement by this Court of any further orders issued in the Canadian Receivership.

17. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. A copy of this Order shall be served within five business days of entry of this order, by electronic mail to the extent email addresses are available and otherwise by U.S. mail, overnight

or first-class postage prepaid, upon the Core Notice Parties (as defined in the *Motion for Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice*) and such other entities as the Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

19. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

20. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

21. This Order applies to all parties in interest in these Chapter 15 Cases and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

Signed: August 26, 2026

Alfredo R Pérez
United States Bankruptcy Judge